**CITY OF DALLAS, TEXAS v. RENTZEL.**

**No. 12515.**

United States Court of Appeals
Fifth Circuit.

Feb. 1, 1949.

Rehearing Denied April 14, 1949.

H. P. Kucera, City Atty., of Dallas, Tex., for petitioner.

R. E. Rouer, City Atty., of Ft. Worth, Tex., William D. McFarlane, Sp. Asst. Atty. Gen., and J. Skelly Wright, U. S. Atty., of New Orleans, La., for respondent.

Before HUTCHESON, WALLER and LEE, Circuit Judges.

PER CURIAM.

The question presented for our decision is whether a determination of the Administrator of Civil Aeronautics, pursuant to the Federal Airport Act, 49 U.S.C.A. § 1101 et seq., to grant federal funds to public agencies for airport development is subject to judicial review here.

This is the way the question comes up to us. The City of Dallas claims to have been aggrieved by the Administrator's determination to grant such funds to the City of Fort Worth, and that we have jurisdiction, under Sections 309 and 1006 of the Civil Aeronautics Act of 1938, as amended,[1] and under the Administrative Procedure Act.[2] Pointing out that Sec. 309,[3] invoked by peti-

---

[1] 49 U.S.C.A. §§ 459, and 646(a).

[2] 5 U.S.C.A. §§ 1001–1011, and particularly Sec. 1009.

[3] "In the conduct of any public hearings or investigations authorized by this Act or by the Federal Airport Act, the Administrator or any duly designated examiner shall have the same powers to take evidence, issue subpenas, take de-positions, and compel testimony as are vested in members of the Board and its duly designated examiners by section 1004 of this Act. Actions of the Administrator or his examiners in such cases shall be governed by the procedures specified in section 1004, and be enforced in the manner provided therein." 49 U.S.C.A. § 459.

tioner, contains no provision whatever for review, either here or elsewhere, and that Sec. 1006(a)[4] expressly limits the review by the Circuit Court of Appeals provided for in it, to orders of the Authority (Board), the Administrator insists that nothing in the Civil Aeronautics Act supports the petition.

Turning then to the review section of the Administrative Procedure Act, Sec. 1009,[5] he points to the precision with which it makes clear that agency action is reviewable only (1) by "any special statutory review proceeding relevant to the subject matter in any court specified by statute"; and (2) "in the absence or inadequacy thereof, [by] any applicable form of legal action (including actions for declaratory judgment * * *) in any court of competent jurisdiction."

No special statutory review proceeding, except Sec. 1006(a) is claimed by petitioner to exist. As has been pointed out above, that section deals only with orders of the Board. It makes no mention of review of determinations by the Administrator to furnish financial aid.

▅▅▅ Petitioner is thus driven, by the absence of provisions for special statutory review, to the provisions of Sec. 1009, only to find that these provisions for review by "any applicable form of legal action" deal not with appellate court review but with review by an original action in a court of competent jurisdiction. The court of appeals is not such a court unless specially authorized by statutory grant of power.[6] We are not in any doubt that this court has no such jurisdiction and that the petition must be dismissed.

We need not, therefore, determine or even consider the Administrator's contentions that judicial review of his action may not be had in any court because (1) the controlling statute "precludes judicial review"[7] and (2) that, if agency action, it is "agency action by law committed to agency discretion".[8]

Petition dismissed.

---

[4] "(a) Any order, affirmative or negative, issued by the Authority (Board) under this Act, except any order in respect of any foreign air carrier subject to the approval of the President as provided in Section 801 of this Act, shall be subject to review by the circuit courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order. After the expiration of said sixty days a petition may be filed only by leave of court upon a showing of reasonable grounds for failure to file the petition theretofore." 49 U.S.C.A. § 646(a).

[5] "Judicial Review"

"Sec. 10. Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion—

"(a) Right of review.—Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof.

"(b) Form and venue of action.—The form of proceeding for judicial review shall be any special statutory review proceeding relevant to the subject matter in any court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action (including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus) in any court of competent jurisdiction. * * *

"(c) Reviewable acts.—Every agency action made reviewable by statute and every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review. * * * "

[6] United States v. Agne, 3 Cir., 161 F.2d 331.

[7] 5 U.S.C.A. § 1009(1); Switchmen's Union v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61.

[8] 5 U.S.C.A. § 1009(2); United States v. George S. Bush & Co., 310 U.S. 371, 60 S.Ct. 944, 84 L.Ed. 1259; Work v. United States ex rel. Rives, 267 U.S. 175, 45 S.Ct. 252, 69 L.Ed. 561; Gilbert v. Ickes, 74 App.D.C. 327, 123 F.2d 917.