UNITED GAS PIPE LINE CO. v. FEDERAL POWER COMMISSION.

MICHIGAN CONSOLIDATED GAS CO. v. FEDERAL POWER COMMISSION.

Nos. 10125, 10126.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 19, 1950.

Decided April 5, 1950.

Mr. C. Huffman Lewis, Shreveport, La., with whom Mr. W. Scott Wilkinson, Shreveport, La., was on the brief, for petitioner United Gas Pipe Line Company.

Mr. Charles V. Shannon, Washington, D. C., with whom Messrs. Donald R. Richberg and Stanley M. Morley, Washington, D. C., were on the brief, for petitioner Michigan Consolidated Gas Company.

Mr. William S. Tarver, Assistant General Counsel, Federal Power Commission, Washington. D. C., with whom Messrs. W. Bradford Ross, General Counsel, Louis W. McKernan and Bernard A. Foster, Jr., counsel, all of the Federal Power Commission, Washington, D. C., were on the brief, for respondent. Mr. W. Russell Gorman, Washington, D. C., also entered an appearance for respondent.

Before PRETTYMAN, PROCTOR and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

Petitioners seek direct review in this court of a rule issued by the Federal Power Commission pursuant to Sections 4(c) and 16 of the Natural Gas Act, 15 U.S.C.A. §§ 717c (c), 717o. Section 4(c) authorizes the Commission to prescribe rules and regulations for filing " * * * in such form as the Commission may designate * * * schedules showing all rates and charges for any transportation or sale subject to the jurisdiction of the Commission, and the classifications, practices, and regulations affecting such rates and charges, together with all contracts which in any manner affect or relate to such rates, charges, classifications, and services." 15 U.S.C.A. § 717c (c).

Section 16 gives the Commission, *inter alia,* the general authority to issue " * * * such orders, rules, and regulations as it may find necessary or appropriate to carry out the provisions of this act. " 15 U.S.C.A. § 717o

Since both petitions involve closely-related problems of fact and law, it was agreed by counsel that they might be argued and decided together. We will first discuss the contentions of petitioner, United Gas Pipe Line Company.

The regulation issued by the Commission, Order No. 144, requires the United Gas Pipe Line Company and all other companies similarly situated to file their rates in tariff-schedule form instead of as percentage contracts or as amendments to existing contracts, as has heretofore been done.[1] Since the Commission considered Order No. 144 a valid exercise of its rulemaking power and hence legislative in nature, it did not hold a quasi-judicial hearing. It did, however, satisfy the requirements for rule-making established by Section 4 of the Administrative Procedure Act, 5 U.S.C.A. § 1004. Thus, the proposed regulations were published in the Federal Register before they were promulgated, interested persons were given an opportunity to submit written comments, a public hearing was held and oral argument heard, but no evidence was taken.

As petitioner views the case, although the regulations are procedural in form and superficially prospective in nature, they will in reality work a change in rates, cause certain provisions to be eliminated from its contracts, and will be retroactive in effect.[2]

1. The relevant portions of Order No. 144, now section 154 of the Commission's regulations, follow:

"§ 154.38 *Composition of Rate Schedule.* * * *

* * * * * * *

"(d) *Statement of Rate.*—Except as permitted in Sections 154.52 and 154.82, all rates shall be clearly stated in cents or in dollars and cents per unit. Only the rates and charges to be used in current billing shall be included in the rate schedules.

"A rate having more than one part shall have each part set out separately under appropriate headings such as: Demand Charge, Commodity Charge, etc. The Minimum Bill and other provisions affecting charges shall not be included in this paragraph, but shall be included in subsequent paragraphs.

"No Rule, regulation, exception or condition such as tax, commodity price index, wholesale price index, purchased gas cost adjustment clauses or other similar price adjustments or periodic changes shall be included in the rate schedule or any other part of the Tariff which in any way purports to effect a modification or change of any rate or charge specified in the rate schedule, or the substitution therefor of any other rate or charge: Provided, however, a natural-gas company may state in the service agreement or in rate schedules filed pursuant to Section 154.52 that it is or will be its privilege, under certain specified conditions, to propose to the Commission a modification, change or substitution of the then effective rate or charge: Provided further, that no such clause may effectuate a change in an effective rate or charge except in the manner provided in Section 4 of the Natural Gas Act, as amended, and these regulations.

2. With regard to existing contracts, the regulations read:

"§ 154.82. *Requirement for Restatement.*—All effective schedules of rates, charges, classifications, practices, regulations, and contracts not prepared in accordance with Sections 154.31 through 154.41 shall be restated and filed as parts of a Tariff in accordance with said sections on or before the dates specified in Section 154.83 and duly posted at the

Thus, the argument proceeds, a quasi-judicial hearing has been denied where it should have been granted for, under Section 5(a) of the Natural Gas Act, 15 U.S.C.A. § 717d(a), rates may be changed by the Commission only after a hearing is held and they have been found to be unjust and unreasonable. Since Commission acceptance of this view would have resulted in an order reviewable under Section 19(b), 15 U.S.C.A. § 717r(b), it is contended that, even absent such acceptance, review may be obtained here under that section. Petitioner also appears to make an alternative argument—that since Order No. 144 operates upon it particularly and causes it irreparable injury, review may be obtained in this court under the authority of Colum-

bia Broadcasting System v. United States, 1942, 316 U.S. 407, 62 S.Ct. 1194, 86 L. Ed. 1563.

■ Petitioner has mistaken its remedy. Although the distinction between rule and order is not always clearly definable, our authority to review orders of the Federal Power Commission under the Natural Gas Act does not suffer the same weakness. Not all orders were made reviewable under Section 19(b). As in the analogous provision of the Federal Power Act, Congress set out "a distinctive formulation of the conditions under which resort to the courts may be made."[3] On its face, the Act contemplates review of a decision based on evidence presented in a quasi-judicial proceeding before the Commission.[4] It spe-

---

time of filing: *Provided, however, that price provisions which cannot be restated in cents or in dollars and cents per unit, as required by Section 154.38(d), without effecting a change in rates or charges may be retained in effect without change.* Provided, further, that when necessary, pending completion of restatement within the time provided for by Section 154.-83, schedules may be filed in accordance with Part 154 as in effect prior to December 1, 1948.

"§ 154.85. *Status of Contracts Filed as Rate Schedules and Restated.*—Each contract, which is now filed as an effective rate schedule, may be continued in effect and shall be considered as an executed service agreement to the extent that the provisions thereof are not superseded by or in conflict with other applicable provisions of the Rate Schedules and General Terms and Conditions of the Tariff, until such contract expires by its presently provided terms or is replaced by an executed service agreement in a form contained in the Tariff: Provided, however, that the natural-gas company, concurrent with the filing of the Tariff, shall submit, for insertion in front of 'each such contract, a statement identifying the provisions thereof which are not superseded by or in conflict with other applicable provisions of the Rate Schedules and General Terms and Conditions of the Tariff and which are to remain in effect.

"Provided further, however, that agreements intended to effect a change or amendment in such contract may be made only by the execution of a form of service agreement contained in the Tariff." (Emphasis supplied.)

3. Federal Power Commission v. Pacific Power & Light Co., 1939, 307 U.S. 156, 159, 59 S.Ct. 766, 767, 83 L.Ed. 1180.

4. Section 19 (b), 15 U.S.C.A. § 717r (b), reads: "Any party to a proceeding under this act aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the circuit court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part. A copy of such petition shall forthwith be served upon any member of the Commission and thereupon the Commission shall certify and file with the court a transcript of the record upon which the order complained of was entered. Upon the filing of such transcript such court shall have exclusive jurisdiction to affirm, modify, or set aside such order in whole or in part. No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do. The finding of the Commission as to the facts, if supported by substantial evidence, shall be conclusive. If any party shall apply to the court for leave to adduce additional evidence, and shall show to the satisfaction of the court that such

cifies that the Commission shall file with the proper circuit court of appeals "a transcript of the record upon which the order complained of was entered * * *." "The finding of the Commission as to the facts, if supported by substantial evidence, shall be conclusive", etc. Unless the case comes to us after such a proceeding, we are given no authority to directly review the Commission's action.

 Review provisions such as 19(b) evidence Congressional recognition that an appellate court has no intelligible basis for decision unless a subordinate tribunal has made a record fully encompassing the issues. The wisdom of thus circumscribing the authority to review is readily apparent in this particular case. For we are asked to pierce form and find substance, to make an important decision concerning the scope of the Commission's regulatory authority, merely on the basis of allegations in a Petition for Review. The central question here is the effect of Order No. 144 on certain contracts of petitioner. Yet we do not even have such contracts before us as part of the record. Nor do we have the aid of testimony, affidavits, etc. It is clear to us that decisions of this kind cannot be made *in vacuo;* and that Congress realized it when it made our review dependent upon the sort of conditions contained in Section 19(b).

This is not a case where the Commission has asserted authority under one of the many sections of the Act which specifically require a hearing. If a hearing had been denied under such circumstances, we would have no difficulty in ordering one to be held. Nor would we hesitate to ignore labels and take jurisdiction if this were a case where it was clear that the administrative order (denying treatment of certain documents as confidential) operated "particularly rather than generally * * * [and was] a judgment entered on a state of facts and affecting only one person." [5]

The present case is quite different. We have before us a rule directed to all companies similarly situated, and we have the Commission's binding assurance that the regulations will operate only prospectively.[6] Under such circumstances, there is at the very least a strong presumption that the Commission has merely promulgated regulations of general applicability and not orders reviewable under Section 19(b).

 We do not hold, however, that petitioner is left entirely without a remedy if, as it alleges, the regulations are merely a veiled way of striking at it without granting a hearing. Several remedies remain available. First, the regulations themselves make provision for an application for exception.[7] If this furnishes only a partial remedy, or no remedy at all, as petitioner

additional evidence is material and that there were reasonable grounds for failure to adduce such evidence in the proceedings before the Commission, the court may order such additional evidence to be taken before the Commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper. The Commission may modify its findings as to the facts by reason of the additional evidence so taken, and it shall file with the court such modified or new findings, which if supported by substantial evidence, shall be conclusive, and its recommendation, if any, for the modification or setting aside of the original order. The judgment and decree of the court, affirming, modifying, or setting aside, in whole or in part, any such order of the Commission, shall be final, subject to review by the Supreme Court of the United States upon certiorari or certification as provided in section 1254 of Title 28."

5. American Sumatra Tobacco Corp. v. Securities and Exchange Commission, 1937, 68 App.D.C. 77, 80, 93 F.2d 236, 239. See Mallory Coal Co. v. National Bituminous Coal Commission, 1938, 69 App.D.C. 166, 172–173, 99 F.2d 399, 405–406.

6. In response to petitioners' argument that such regulations will not be merely prospective, the Commission reaffirmed its position, which was made a part of the stay order in the present case (issued February 28, 1949), that it "interprets Order No. 144 as not authorizing the making of any change in an effective rate, charge, or contract provision, without compliance with the Natural Gas Act, as amended."

7. "§ 154.52. Exception to Form and Composition of Tariff.—Upon application and for good cause shown, the Commission may permit special rate schedules to be filed in the form of an agreement in the

asserts, then the proper forum is the district court. The very case upon which petitioner relies most strongly, Columbia Broadcasting System v. United States, 1942, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563, points to that court. There, as here, it was alleged that a rule issued by the Federal Communications Commission caused such irreparable injury and operated so particularly that it was, in effect, an order reviewable under Section 402(a) of the Federal Communications Act, 47 U.S.C. A. § 402(a). The Supreme Court held that Section 402(a) conferred upon a statutory three-judge court the sort of equity jurisdiction long established for the Interstate Commerce Commission under the Urgent Deficiencies Act. The proceeding, however, was in a court of *original* jurisdiction exercising certain enumerated equity powers. Where no provision has been made for a three-judge court, there is abundant authority that a similar suit, to enjoin the action of an administrative agency acting illegally and threatening irreparable injury, will lie in the district court.[8] Section 10(b) of the Administrative Procedure Act, 5 U.S.C.A. § 1009(b), has not changed preexisting law in this regard. It merely makes injunctions and certain extraordinary legal remedies available in a proper action instituted in a court of *original* jurisdiction.[9]

case of special operating arrangements such as for exchange or transportation of natural gas; or for the sale of gas at charges computed on a cost-formula basis, which charges need not be stated in cents or in dollars and cents per unit. Such rate schedules shall conform to the Form, Type and Size specified in Section 154.32 and shall contain on each sheet the marginal notations specified in Section 154.33. In addition each such rate schedule shall contain a title page which shall show its designation, the parties to the agreement, the date of agreement and a brief generalized description of services to be rendered. Such rate schedules shall not contain any supplements. Any modifications shall be by revised or insert sheets."

Even if petitioner is unable to prove the irreparable injury necessary in a suit for injunction, he may raise the invalidity of the Commission's action as a defense to an enforcement proceeding instituted against him for violation of the rule in question. Of course, it is possible that the unsuccessful defense of the enforcement proceeding might leave a petitioner open to penalties of fine or imprisonment, if it is determined that he had not acted in good faith.[10] But that would merely go to the question of irreparable injury which, as we have indicated, would be a factor in determining the availability of an injunction.

These same considerations apply to the second petitioner, Michigan Consolidated Gas Company, which purchases gas from a pipeline company under the contracts here involved. It contends, *inter alia*, that these rules authorize companies selling to petitioner to restate and hence change their contracts with it without its consent, that such authorization is unlawful and affects it adversely, and hence that it is an "aggrieved" party within the meaning of Section 19(b). Since we hold that we have no jurisdiction to review the regulations in question at this time, we need not consider whether the Michigan company is an "aggrieved" party.

Dismissed.

With regard to exceptions in connection with existing contracts, see note 2, supra.

8. Utah Fuel Co. v. National Bituminous Coal Commission, 1939, 306 U.S. 56, 59–60, 59 S.Ct. 409, 83 L.Ed. 483; Shields v. Utah & Idaho Central R. Co., 1938, 305 U.S. 177, 182, 184, 59 S.Ct. 160, 83 L.Ed. 111; Philadelphia Co. v. Stimson, 1912, 223 U.S. 605, 619–620, 32 S.Ct. 340, 56 L.Ed. 570; Carolina Aluminum Co. v. Federal Power Commission, 4 Cir., 1938, 97 F.2d 435, 438.

9. See City of Dallas, Texas v. Rentzel, 5 Cir., 1949, 172 F.2d 122, 123.

10. Federal Power Commission v. Metropolitan Edison Co., 1938, 304 U.S. 375, 387, 58 S.Ct. 963, 82 L.Ed. 1424.