AMERADA PETROLEUM CORPORATION, Petitioner,

v.

FEDERAL POWER COMMISSION, Respondent.

MIDSTATES OIL CORPORATION, Petitioner,

v.

FEDERAL POWER COMMISSION, Respondent.

CITIES SERVICE OIL COMPANY, Petitioner,

v.

FEDERAL POWER COMMISSION, Respondent.

SKELLY OIL COMPANY, Petitioner,

v.

FEDERAL POWER COMMISSION, Respondent.

Nos. 5044, 5046, 5099, 5103.

United States Court of Appeals
Tenth Circuit.

March 17, 1956.

Rehearing Denied April 25, 1956.

**462**

Garrett Logan, Tulsa, Okl. (Robert J. Stanton, John S. Miller, John R. Woodard, Hawley C. Kerr, Gayle M. Pickens, Hulette F. Aby, Tulsa, Okl., Gentry Lee, C. T. Klein, Watt H. Mc-Brayer, Jr., and R. J. Leithead, Bartlesville, Okl., on the brief), for petitioners.

Lambert McAllister, Washington, D. C. (Willard W. Gatchell and Pascal B. Frazier, Washington, D. C., on the brief), for respondent.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

On June 7, 1954, the Supreme Court rendered its decision in Phillips Petroleum Co. v. State of Wisconsin, 347 U.S. 672, 74 S.Ct. 794, 796, 98 L.Ed. 1035, holding that the Federal Power Commission had jurisdiction over independent producers which engage in "the sale in interstate commerce of natural gas for resale", and that such a company is a natural gas company as defined in the Natural Gas Act, 15 U.S.C.A. §§ 717–717w. This decision was contrary to the Federal Power Commission's prior interpretation of its own jurisdiction over such activities. Shortly after the Phillips decision, on July 16, 1954, the Federal Power Commission issued its order 174.[1] Order 174-A was directed to all "independent producers" as defined and covered by the Natural Gas Act. Among other things it required all independent producers who on or since June 7, 1954, had engaged in the interstate transportation and sale of natural gas subject to the Act to (1) file their contracts in force on June 7, 1954, which in effect became their rate schedules; (2) make no changes in the June 7, 1954, rates except after notice to the Federal Power Commission and subject to its right to suspend such changes; (3) apply to the Commission for certificates of public convenience and necessity covering gas sales made by them; and (4) continue any sales or services rendered until termination was given the express approval of the Federal Power Commission. One commissioner dissented from this order, raising many of the substantive questions asserted by petitioners in this court.

No advance notice was given or hearing held prior to the formulation of orders 174 and 174-A. Petitioners (Amerada Petroleum Corporation, Midstates Oil Corporation, Cities Service Oil Company and Skelly Oil Company) along with more than one hundred other persons and corporations sought by petition for a "rehearing" to have the Commission set aside the order or change its provisions. The Commission allowed briefs and oral argument in a hearing like that contemplated in Section 4 of the Administrative Procedure Act[2] to be held before the promulgation of general substantive rules and regulations. After that hearing the order was re-

---

1. Thereafter the order was changed in minor respects and was superseded by Orders 174-A and 174-B.

2. 5 U.S.C.A. § 1005.

issued with minor changes, immaterial here, as 174-B. It is from that order petitioners bring the appeals consolidated herein. They assert that the order is appealable, that as independent producers within the definition of the order they have standing to prosecute an appeal; and as grounds for overruling the order they say its formulation violates in several respects the Natural Gas Act, the Administrative Procedure Act, and their rights under the United States Constitution.

■ Petitioners make a preliminary contention that considered even as procedural rules and regulations the regulations in question are void because petitioners were not accorded the hearing to which they were entitled under the Administrative Procedure Act before the rules were adopted. Section 4 of the Administrative Procedure Act requires notice of proposed rule making and that an opportunity to participate in the rule making be afforded interested persons unless the agency involved expressly finds that such procedures are impractical, unnecessary or contrary to the public interest. No notice or opportunity to be heard was given with respect to Order 174 or Order 174-A, which was a modification of the original order. Numerous producers including appellants filed application for a rehearing of Order 174-A. The Commission acted upon these applications and granted oral arguments before the full Commission. In granting oral arguments the Commission called for suggestions and comments as to the revision or modification of Order 174-A. Following the submission of briefs and oral arguments, the Commission issued Order 174-B, the order involved in this controversy. Assuming without deciding that under the facts of this case petitioners were entitled to notice and hearing, they have no cause for complaint. They were heard, granted an opportunity to file briefs and present oral arguments. It was only thereafter that Order 174-B, the order under attack here, was formulated. It must,

therefore, be said that the order under consideration was adopted only after a full hearing was accorded petitioners.

■ Petitioners assert that the order violates their substantive rights in a number of respects. We need not pass upon these contentions because in our view the order is not reviewable. Section 19(b) of the Natural Gas Act provides that "Any party to a proceeding * * * aggrieved by an order issued by the Commission * * * may obtain a review of such order in the circuit court of appeals of the United States * * *." The order challenged here was not issued in an adversary proceeding to determine violations of the Natural Gas Act or a Commission ruling thereunder; it purports to be issued under the general rule making power of the Federal Power Commission. It is of general applicability, addressed to all independent producers subject to the Natural Gas Act as defined.

There is no holding or determination by the Commission that the order is applicable to any of the petitioners. Petitioners herein do not admit that they are subject to the Natural Gas Act. They state only that they come within the definition of an independent producer as contained in the order or that they cannot ascertain whether they are within the definition of the order. The only particularly directed order is one against Skelly to show cause why it should not be determined a natural gas company within the Act and why it should not be directed to continue a particular sale and delivery of gas. But that portion of the order is still undisposed of before the Commission. In Canadian River Gas Co. v. Federal Power Commission, 10 Cir., 110 F.2d 350, it was held that an order directing a particular company to be investigated to determine whether it was a natural gas company within the Act was a preliminary finding and was not appealable. Therefore, jurisdiction to consider the appeal cannot be predicated on the Skelly show cause order.

Without even admitting that the Commission has jurisdiction over them and without a finding by the Commission that it has jurisdiction over any of petitioners, petitioners contend that the order violates their substantive rights in several important respects and, therefore, constitutes a final appealable order. They allege that they own and operate gas wells and sell gas under a number of contracts. The opinion is expressed by them that the order may force submission to the jurisdiction of the Federal Power Commission. This position is predicated upon the definition of an independent producer in the order as follows: "An 'independent producer' as that term is defined in §§ 154.91 to 154.202 means any person as defined in the Natural Gas Act who is engaged in the production or gathering of natural gas and who transports natural gas in interstate commerce or sells natural gas in interstate commerce for resale, but who is not primarily engaged in the operation of an interstate pipeline." Those are almost the exact words of the Supreme Court in defining an independent producer.[3] Without a determination by the Commission whether any of them fall within this definition, and without the aid of a particular application of the definition by the FPC to any given set of facts, we are asked to examine and define the exact extent of the production and gathering exemption in the Natural Gas Act as it applies to these petitioners and are in fact asked to determine that they are not subject to the jurisdiction of the Commission.

The case most analogous to the one before us is United Gas Pipeline Co. v. Federal Power Comm., 86 U.S.App.D.C. 314, 181 F.2d 796. That case also arose under the Natural Gas Act. It likewise involved a general order. The order was directed to the United Gas Pipeline Company and all other companies similarly situated, requiring them to file rates on a designated basis. The Gas Companies there, as here, contended that the provisions of the order requiring them to file rate schedules worked a retroactive change in rates and was, therefore, reviewable on appeal. The court in a well considered opinion held that the order was general; that it was prospective in nature and of general applicability and not subject to review. That court also considered and distinguished Columbia Broadcasting System, Inc., v. United States, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563, upon which petitioners there, as here, placed strong reliance. We agree with the analysis of the court of the Columbia Broadcasting System case distinguishing it upon facts, and it is our conclusion that the facts in this case likewise distinguish it from that case.

As pointed out, the challenged order is directed to no one. It requires only that all gas companies falling within the definition as laid down make application for a certificate of convenience and file their rate schedules as of June 7. It leaves to each company in the first instance a determination of whether it is under the Act. If petitioners are right in their contention that their activities do not bring them within the Commission's jurisdiction they need do nothing. The difficulty is that if it is ultimately determined that they are under the jurisdiction of the Commission then their failure to comply with the general order subjects them to severe penalties. But that is a difficulty inherent in the way in which the need for the exercise of the Commission's authority arose. It was necessary for the Commission to make a beginning. For this purpose it promulgated general rules and regulations applying to all subject to the Act. It first defined companies subject to its jurisdiction and required only that such companies file schedules of rates and make applications for certificates of convenience. This is the only practical way the Commission

3. See Phillips Petroleum Co. v. State of Wisconsin, 347 U.S. 672, 74 S.Ct. 794, 98 L.Ed. 1035.

could have made a beginning. The only alternative would have been to hold individual hearings with respect to each of innumerable companies to determine upon adduced facts whether they were under its jurisdiction. The impracticability of such a method is obvious.

Neither do we think that the assertion that by the application for a certificate of convenience the applicant submits itself to the jurisdiction of the court is well taken. Such application, of course, can be a qualified one and made so as to reserve to the applicant the right to challenge the jurisdiction of the Commission.

Nor do we think the contention that by fixing the schedule rates as of June 7 as the effective rate constitutes a retroactive fixing of rates or makes a general order substantive in that respect and, therefore, subject to appeal. Again the Commission was faced with the necessity of a beginning rate. It might well have fixed the rate as of a different time as the beginning rate, and it may even be conceded that the rate as of June 7 might work hardship in a particular case. But that does not make the regulation requiring the filing of such a rate definitive in character, subject to review on appeal. The door is left wide open for a proceeding before the Commission to correct such rate if it is inequitable or unjust. The fact remains that this case comes to us without a record, without a single established fact or finding, and without evidence, and in that posture we as an appellate court are asked to exercise our appellate powers of review. In fact, we are asked to determine that petitioners are not subject to the jurisdiction of the Commission without a single fact upon which to base such determination and in the absence of any findings of fact by the Commission.

Section 10 of the Administrative Procedure Act is pleaded to support our jurisdiction to review the merits of petitioners' claims. It is our view that that Section adds nothing to our authority. It provides for a right of review in a proper court of final agency action where other statutory authority is absent or inadequate, but here Section 19(b) of the Gas Act provides for a review and we think it is entirely adequate and, therefore, makes inapplicable Section 10 of the Administrative Procedure Act.

It is our conclusion that the petitions for review are premature and are, therefore, dismissed.