**Walter F. SCHWAB, Petitioner,**

v.

**E. R. QUESADA, Administrator, Federal Aviation Agency, Respondent.**

**No. 13348.**

United States Court of Appeals
Third Circuit.

Argued Oct. 17, 1960.

Decided Nov. 7, 1960.

Louis Sager, Pottstown, Pa., for petitioner.

V. Judson Klein, Washington, D. C., for respondent.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Petitioner seeks to review an order by the Administrator of the Federal Aviation Agency which approved an application by a municipality for a grant of federal aid funds under the Federal Airport Act, 60 Stat. 174, as amended, 49 U.S.C.A. § 1108. Respondent moves to dismiss the petition on the ground that there is no jurisdiction in this court to review the action complained of.

■ Petitioner asserts as the jurisdictional basis for review of the Administrator's action, Section 1006 of the Federal Aviation Act, 49 U.S.C.A. § 1486 (a), which confers jurisdiction on United States Courts of Appeals to review: "any order, affirmative or negative, issued by the Board or Administrator *under this chapter * * *.*" (Emphasis supplied). Under the quoted language the Administrator's act, to be reviewable, must be taken pursuant to a section of that chapter, i. e., Chapter 20 of Title 49 (The Federal Aviation Act). The action petitioner would have reviewed was taken under a different chapter, i. e., Chapter 14 of Title 49 (The Federal Airport Act). Since these chapters are separate and distinct, the provision for judicial review of the Administrator's actions in the Federal Aviation Act affords no support whatsoever for jurisdiction to review the Administrator's action under the Federal Airport Act.

Notwithstanding the clarity of this dichotomy existing between the two acts, petitioner contends that by enacting the Federal Aviation Act in 1958, Congress intended to provide for judicial review of the Administrator's actions under the Federal Airport Act. There is nothing in the Federal Aviation Act or its legislative history which in any way

would bear out petitioner's argument in this regard.

Generally, the basic purpose of the Federal Aviation Act was " * * * to establish a new Federal agency with powers adequate to enable it to provide for the safe and efficient use of the navigable airspace by both civil and military operations," which " * * * would replace the present Civil Aeronautics Administration." By its terms the Administrator of the new agency was given broad authority to provide for safety regulations and other matters formerly within the control of the Civil Aeronautics Board under the Civil Aeronautics Act. See 1958 U. S. Code Cong. and Adm. News, p. 3741 et seq. Consistent with this aim, former Section 1006 of the Civil Aeronautics Act, 49 U.S.C. A. § 646, which called for judicial review of determinations of the Civil Aeronautics Board was repealed, and an almost identical section (Section 1006 of the Federal Aviation Act, 49 U.S.C.A. § 1486), was enacted covering judicial review of the functions transferred from the Board to the Administrator under the Federal Aviation Act. Additionally, the powers and functions invested in the Administrator of Civil Aeronautics under the Federal Airport Act were transferred to the Administrator of the new agency in order to conform to the new organizational design.

It is the latter transfer of functions which petitioner urges engrafts upon the Federal Airport Act the judicial review clause of the Federal Aviation Act. Such is not the case. The fundamental policy of the Federal Airport Act and the unreviewability of the Administrator's acts under it remained intact. The only additional reference [1] to the Federal Airport Act in the Federal Aviation Act was in Section 1402(b), which reads:

"Federal Airport Act.

"(b) The Act of May 13, 1946, as amended (60 Stat. 170), is further amended as follows:

"(1) By striking the words 'Administrator of Civil Aeronautics' wherever they appear and inserting in lieu thereof the words 'Administrator of the Federal Aviation Agency';

"(2) By striking the word 'Secretary' where it appears in sections 3(a), 6, and 17, and inserting in lieu thereof the word 'Administrator'; and

"(3) By striking the words 'Secretary of Commerce' wherever they appear and inserting in lieu thereof the word 'Administrator'."

It cannot be said with reason that this mere substitution of terms was of any substantial significance except to conform the Federal Airport Act to the new organization formula. Thus, the Administrator was to function in two separate capacities—as Administrator under the Federal Airport Act and as Administrator under the Federal Aviation Act. His actions became reviewable, only insofar as he was performing duties previously allocated to the Civil Aeronautics Board.

With this background in mind, City of Dallas, Texas v. Rentzel, 5 Cir., 1949, 172 F.2d 122, 123, is squarely in point and controlling. There, review of the Administrator's determination under the Federal Airport Act was sought with jurisdiction grounded in former Section 1006 of the Civil Aeronautics Act. In dismissing the complaint for lack of jurisdiction the court said: " * * * that section deals only with orders of the Board. It makes no mention of review of determinations by the

---

1. Petitioner points to the reference to the Federal Airport Act in Section 313(c) of the Federal Aviation Act, 49 U.S.C.A. § 1354(c), as an indication of Congressional intent to provide for judicial review of the Administrator's acts under the Federal Airport Act. The section is of no help to petitioner, since it makes no pro- vision for review. Moreover, an almost identical section with the same reference contained in the predecessor Civil Aeronautics Act, Section 309, 49 U.S.C. § 459 was considered and discarded as not providing a jurisdictional basis for review in City of Dallas, Texas v. Rentzel, 5 Cir., 1949, 172 F.2d 122.

Administrator to furnish financial aid [under the Federal Airport Act.]." That is the situation here. Section 1006 of the Federal Aviation Act only grants review of decisions by the Administrator formerly committed to the Civil Aeronautics Board; it does not encompass those by the Administrator pursuant to the Federal Airport Act. As to the latter, this court has no jurisdiction to review the Administrator's actions.

Petitioner's other theory, namely, that the Administrative Procedure Act, 5 U.S.C.A. § 1009, allows him a circuit court of appeals review is completely disposed of by the Dallas opinion which holds at page 123:

" * * * these provisions for review [in 5 U.S.C. § 1009] by 'any applicable form of legal action' deal not with appellate court review but with review by an original action in a court of competent jurisdiction. The court of appeals is not such a court unless specially authorized by statutory grant of power. We are not in any doubt that this court has no such jurisdiction and that the petition must be dismissed."

The petition for review will be dismissed.