**STATE OF WISCONSIN**
and
**Public Service Commission of Wisconsin,**
Petitioners

v.

**FEDERAL POWER COMMISSION,**
Respondent.

**No. 16118.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 13, 1961.

Decided May 18, 1961.

Mr. Arthur H. Fribourg, Attorney, Federal Power Commission, argued the motion to dismiss for respondent. With him on the motion was Mr. Howard E. Wahrenbrock, Solicitor, Federal Power Commission.

Mr. William E. Torkelson, Madison, Wis., for petitioners argued in opposition to the motion.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a natural gas case. Petitioners seek review of a "Statement of General Policy" issued by the Federal Power Commission and designated No. 61-1. 25 Fed.Reg. 9578. Jurisdiction is alleged under Section 19(b) of the Natural Gas Act, 15 U.S.C.A. § 717r(b), and Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009.

The Statement in question, promulgated on September 28, 1960, announced

price levels for natural gas in various areas to serve as guides in future certification proceedings. It provides that "proposed initial sales of natural gas by independent producers which include rates higher than those [established by this pronouncement] shall be denied a certificate [of public convenience and necessity in a proceeding under Section 7 of the Natural Gas Act, 15 U.S.C.A. § 717f] or certificated only upon the condition that lower rates be filed, and all rate changes filed under existing contracts which call for a rate exceeding the indicated prive level [established by this pronouncement] shall be suspended." The Commission has since issued two amendments to the Statement.

Petitioners tendered to the Commission an application for rehearing on October 26, 1960, which was rejected on the ground that Statement No. 61–1 was not a final order. The application was again tendered and rejected. Within 60 days after this rejection petitioners filed their petition for review in this court alleging that the Commission had issued the Statement without prior notice to petitioners or anyone else, without affording anyone the opportunity to present evidence, data or argument, and without affording anyone the opportunity to challenge the Commission's factual bases which are not contained in any specific record, and which are disputable. Petitioners contend that the Statement here challenged will inevitably deprive them, as representatives of Wisconsin consumers, and other consumers, of the protection intended by the Natural Gas Act because it implies clearly that rate increases up to the stated levels will not be questioned and rates under these levels will not be suspended. The effect, they say, will be to encourage all producers to raise their rates to the maximum levels permitted by the Statement. A consumer challenging a particular rate will be compelled to proceed under Section 5 of the

Natural Gas Act, which normally involves lengthy delay, and which can effect only a prospective rate reduction. In consequence, any overpayments made during the pendency of the proceeding would not be recoverable. Moreover, the chance of success in such a proceeding will be greatly diminished, since after all rates have gone up to the established maximums, the producers will urge the general acceptance of these levels as evidence that the rates are reasonable and just.

On February 23, 1961, respondent Commission filed its motion to dismiss, on the ground that neither statute relied upon by the petitioners confers jurisdiction upon this court to entertain the appeal. We conclude that the Commission is correct in its contention, and the motion to dismiss is granted.

■ Section 19(b) of the Natural Gas Act permits an appeal to this court by "[a]ny party to a proceeding under [the Natural Gas Act] aggrieved by an order issued by the [Federal Power] Commission in such proceeding * * *." In order properly to invoke our jurisdiction, a petitioner must demonstrate that it was a "party to a proceeding"; that it is "aggrieved"; and that the cause of its aggrievement is an "order."

■ It is apparent to us that petitioners here were not parties to a proceeding below within the meaning of the statute.[1] This case is controlled by our decision in United Gas Pipe Line Co. v. Federal Power Commission, 86 U.S.App.D.C. 314, 181 F.2d 796, certiorari denied 1950, 340 U.S. 827, 71 S.Ct. 63, 95 L.Ed. 607. Petitioners there sought review under Section 19(b) of an order of the Federal Power Commission adopted pursuant to the rule-making procedures established by Section 4 of the Administrative Procedure Act, 5 U.S.C.A. § 1003. No quasi-judicial hearings were held. We ruled that we were without jurisdiction to entertain

---

1. Petitioners also contend that they are "aggrieved" and that the action in question is a final "order." Since we hold that petitioners were not parties to a proceeding below, we find it unnecessary to decide, and hence we expressly refrain from deciding, these questions.

the appeal, and said "[n]ot all orders were made reviewable under Section 19 (b) * * *. On its face, the Act contemplates review of a decision based on evidence presented in a quasi-judicial proceeding before the Commission * * *. Unless the case comes to us after such a proceeding, we are given no authority to directly review the Commission's action." Id., 86 U.S.App.D.C. at pages 316–317, 181 F.2d at page 798.[2]

We are not here concerned with a question of appellate jurisdiction to review an order of a three-judge district court, cf. Columbia Broadcasting System v. United States, 1942, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563; Frozen Food Express v. United States, 1956, 351 U.S. 40, 76 S.Ct. 569, 100 L.Ed. 910, or with the expanded scope of review granted by virtue of the amendment to Section 402(a) of the Communications Act, 47 U.S.C.A. § 402(a), cf. United States v. Storer Broadcasting Co., 1956, 351 U.S. 192, 76 S.Ct. 763, 100 L.Ed. 1081. As we said in United Gas Pipe Line Co., supra, 86 U.S.App.D.C. at page 317, 181 F.2d at page 799, "[r]eview provisions such as 19(b) evidence Congressional recognition that an appellate court has no intelligible basis for decision unless a subordinate tribunal has made a record fully encompassing the issues." Absent an order "of a definitive character dealing with the merits of a proceeding before the Commission and resulting from a hearing upon evidence and supported by findings appropriate to the case," Magnolia Petroleum Co. v. Federal Power Commission, 5 Cir., 1956, 236 F.2d 785, 791; cf. Federal Power Commission v. Metropolitan Edison Co., 1938, 304 U.S. 375, 384, 58 S.Ct. 963, 82 L.Ed. 1408, we are without power to entertain the appeal.

There remains petitioners' contention that our jurisdiction may be rested upon Section 10 of the Administrative Procedure Act. We share the view of the Fifth Circuit that "the latter Act adds nothing to our jurisdiction under the Natural Gas Act." Magnolia Petroleum Co. v. Federal Power Commission, supra, 236 F.2d at page 793. This court is not a "court of competent jurisdiction" in this appeal, and nothing in Section 10 of the Administrative Procedure Act purports to make it so. That provision "merely makes injunctions and certain extraordinary legal remedies available in a proper action instituted in a court of *original* jurisdiction." United Gas Pipe Line Co. v. Federal Power Commission, supra, 86 U.S.App.D.C. at page 318, 181 F.2d at page 800.

In our view, petitioners have mistaken their forum and their remedy. We must accordingly dismiss the petition for review.

So ordered.

---

2. It is manifest that the mere filing of a petition for rehearing could not make petitioners parties to a proceeding if they were not already so. Under Section 19 (a) of the Natural Gas Act, only a party to a proceeding is entitled to seek rehearing.