DIVISION OF PRODUCTION, AMERICAN PETROLEUM INSTITUTE and American Association of Oilwell Drilling Contractors, Petitioners,

v.

N. E. HALABY, Administrator, Federal Aviation Agency, Respondent.

No. 19157.

United States Court of Appeals
Fifth Circuit.
Aug. 31, 1962.

Joseph E. Keller, Washington, D. C., John E. Hurley, New Orleans, La., Erich F. Klein, Jr., Dallas, Tex., Hurley & Dreux, New Orleans, La., Keller & Heckman, Washington, D. C. Lyne, Blanchette, Smith & Shelton, Dallas, Tex., Dow, Lohnes & Albertson, Washington, D. C., for petitioners.

Charles J. Peters, Chief Atty., Daggett H. Howard, Gen. Counsel, Gerald F. White, Associate Gen. Counsel, Federal Aviation Agency, Washington, D. C., for respondent.

Before TUTTLE, Chief Judge, and RIVES and BROWN, Circuit Judges.

RIVES, Circuit Judge.

This petition of Division of Production, American Petroleum Institute and American Association of Oilwell Drilling Contractors seeks review from this Court of Part 626 of the Regulations of the Administrator, Federal Aviation Agency[1] insofar as they apply to the oilwell drilling operations of petitioners' members. The petitioners pray the Court to exempt such operations, except those in the proximity of airports, from the notification requirements of Sections 626.9 (a) (1) and 626.10(a) (1):

"§ 626.9 *Structures requiring notice.*

"(a) Any person proposing to engage in the construction or alteration of any of the following shall give notice thereof to the Administrator in the form and manner prescribed in this subpart.

"(1) Any structure, the top or any portion of which may become at the construction site, by reason of such construction or alteration,

greater than one hundred and fifty feet above ground level, or above mean water level where the structure will be situated in or over water."

"§ 626.10 *Form and time of notice.*

"(a) Notices required in compliance with § 626.9 shall be submitted to the Agency in triplicate on Form FAA–117, 'Notice of Proposed Construction or Alteration,' not less than 30 days prior to the date, (1) the construction or alteration is proposed to begin, or (2) an application for any type of construction permit or broadcast permit is to be filed, whichever is earlier, and shall be addressed to the Chief, Air Traffic Management Field Division of the nearest Regional Office of the Federal Aviation Agency, or to the Chief, Airspace Utilization Division, Federal Aviation Agency, Washington 25, D.C."

The petition alleges that this Court has jurisdiction under 49 U.S.C.A. § 1486 (a) and (b):

"(a) Any order, affirmative or negative, issued by the Board or Administrator under this chapter, except any order in respect of any foreign air carrier subject to the approval of the President as provided in section 1461 of this title, shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order. After the expiration of said sixty days a petition may be filed only by leave of court upon a showing of reasonable grounds for failure to file the petition theretofore.

"*Venue*

"(b) A petition under this section shall be filed in the court for the cir-

1. Adopted by respondent on June 12, 1961 and published in the Federal Register on

June 14, 1961, 26 Fed.Reg. 5287, to become effective July 15, 1961.

cuit wherein the petitioner resides or has his principal place of business or in the United States Court of Appeals for the District of Columbia."

On September 12, 1961, Judge Cameron, with Judge Jones concurring and Judge Rives dissenting, granted an order of stay of the quoted regulations insofar as they affect oilwell drilling operations conducted by members of petitioners pending disposition of this petition on its merits. The petitioners complain that many oil drilling rigs are over 150 feet high; that drilling rigs are temporary structures which move frequently and rapidly; that it cannot be known 30 days in advance when a derrick will be necessary; and that the notice requirements of the regulations will be excessively burdensome. Petitioners, in their brief, ask this Court to decide the following questions:

"I. Does the record contain substantial evidence to support the Administrator's conclusions that the promulgation of the regulations here in question will enhance air safety or that the operations of petitioners are detrimental to air safety?

"II. Has the Administrator abused his discretion in the issuance of these regulations in his failure to balance the equities involved in issuing reasonable regulations to promote air safety and at the same time provide regulations under which the petroleum industry could carry on its essential operations?"

Before reaching those questions we must first determine whether the regulations constitute an "order" subject to review by this Court under 49 U.S.C.A. § 1486.

Part 626 of the Regulations was adopted by the Administrator under authority granted by the Federal Aviation Act of 1958. By that Act Congress delegated to the Administrator the duty to prescribe regulations on "the use of the navigable airspace * * * to insure the safety of aircraft and the efficient utilization of such airspace," [2] and to "require all persons to give adequate public notice, in the form and manner prescribed * * * of the proposed construction or alteration of any structure where notice will promote safety in air commerce." [3]

Throughout the Act, its provisions clearly differentiate between the making of a regulation and the issuance of an order. Thus Section 1501 provides that, "The Administrator shall, by rules and regulations, or by order where necessary, require all persons to give adequate public notice * * * of the construction * * * or of the proposed construction * * * of any structure where notice will promote safety in air commerce." Section 1485(f) provides that, "Every order of the Administrator * * * shall set forth the findings of fact upon which it is based * * *." There is no similar requirement as to regulations. Section 1486(e) relating to the type of judicial review here attempted provides that, "The findings of fact by the * * * Administrator, if supported by substantial evidence, shall be conclusive."

The procedure followed by the Administrator in the adoption of Part 626 was that required by the Administrative Procedure Act governing performance of the rule-making function.[4] A hearing was held at which the respondent received written statements together with the oral and written views of those present. Witnesses were not sworn, nor were they examined or cross-examined. There were no formal findings of fact and no adjudication.

If, as contended by the petitioners, the regulations are not authorized, and result directly in irreparable injury to the petitioners and their members, there may be a remedy by original action in a federal district court in which an adequate record can be made. That was the course followed in Columbia Broadcasting Sys-

2. 49 U.S.C.A. § 1348(a).

3. 49 U.S.C.A. § 1501.

4. 5 U.S.C.A. § 1003.

tem, Inc. v. United States, 1942, 316 U.S. 407, 62 S.Ct. 908, 86 L.Ed. 1563, and is that indicated by the Administrative Procedure Act, 5 U.S.C.A. § 1009. See United Gas Pipe Line Co. v. Federal Power Commission, 1950, 86 U.S.App.D.C. 314, 181 F.2d 796; Arrow Airways v. Civil Aeronautics Board, 1950, 87 U.S.App. D.C. 71, 182 F.2d 705; Amerada Petroleum Corp. v. F. P. C., 10 Cir., 1956, 231 F.2d 461. Whether or not such a remedy is available cannot be decided in the present proceeding. We hold only that there is no right of direct review in this Court under 49 U.S.C.A. § 1486. The petition is dismissed for lack of jurisdiction.

Dismissed.