In the Matter of SCHOOL BOARD OF BROWARD COUNTY, FLORIDA.

SCHOOL BOARD OF BROWARD COUN-TY, FLORIDA, Petitioner,

v.

DEPARTMENT OF HEALTH, EDU-CATION AND WELFARE, UNITED STATES OFFICE OF EDUCATION, Respondent.

No. 72–3215.

United States Court of Appeals, Fifth Circuit.

March 21, 1973.

Edward J. Marko, Edward G. Stephany, Fort Lauderdale, Fla., for petitioner.

Thomas M. Larson, Education Section, U. S. Dept. of Justice, Michael Lottman, Office of General Counsel, James W. Moore, Asst. Deputy Comm. for Emergency School Assistance, Duane J. Mattheis, Deputy Comm., S. P. Marland, Jr., U. S. Commissioner of Educ., Office of Education, Brian K. Landsberg, Civ. Rights Div., Dept. of Justice, Washington, D. C., Henry C. Barrett, Jackson, Miss., for respondent.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

█ The question presented for our decision is whether a determination by the Commissioner of Education issued in administrative proceedings to enforce the Emergency School Assistance Program (P.L. 91–380, 84 Stat. 800) and the regulations of the Office of Education (45 C.F.R. Part 181) is subject to judicial review here. We conclude that this Court is without jurisdiction and accordingly dismiss the petition.

Petitioner, School Board of Broward County, Florida, applied for assistance under the ESAP program on August 10, 1971, and was awarded a grant of $1,-

737,000 on September 1, 1971. The petitioner was later notified that because of its failure to comply with assurances made in its application for ESAP funds the Commissioner of Education would seek to have the grant terminated and declared void *ab initio*. Subsequent to a hearing and an appeal to the Commissioner, the petitioner was ordered to repay all funds received by it under the 1971–72 grant. The petitioner filed in this Court a Petition for Review of the decision of the Commissioner.

The respondent, United States Department of Health, Education, and Welfare, moved to dismiss the Petition for Review. Pointing out that the statutes and regulations upon which the administrative proceedings in this matter were based do not authorize courts of appeals to hear petitions for review of the decisions of the Commissioner,[1] HEW contends that unless empowered by statute or rule, this Court has no jurisdiction to consider an appeal or petition for review.[2]

Petitioner responds by taking us on a circuitous and unnecessary journey, not to a special statutory review provision but to the Administrative Procedure Act, 5 U.S.C.A. §§ 701–706. The petitioner's starting point is 45 C.F.R. § 181.15(c) which is clearly inapposite to the question of our jurisdiction. That section provides that the procedures established by the Office of Education regulations shall not preclude the Commissioner from pursuing any other remedies authorized by·law, and then states:

> Proceedings pursuant to Part 80 of this title with respect to the eligibili-

---

1. There is likewise no such authority in the statutes underlying the ESAP appropriation, *i. e.*, Part D of the Education Professions Development Act (20 U.S.C.A. §§ 1119–1119a–1) ; the Cooperative Research Act (20 U.S.C.A. §§ 331–332b) ; Title IV of the Civil Rights Act of 1964 (42 U.S.C.A. §§ 2000c to 2000c–9) ; section 807 of the Elementary and Secondary Education Act of 1965 (20 U.S.C.A. § 887) ; section 402 of the Elementary and Secondary Education Amendment of 1967 (20 U.S.C.A. § 1222) ; Title II of the

Economic Opportunity Act of 1964 (42 U.S.C.A. §§ 2781–2837) ; and the Education Amendments of 1972, P.L. 92–318.

2. The general jursidictional statute, 28 U.S.C.A. § 1291, is obviously inapplicable. It provides in pertinent part:

> The courts of appeals shall' have jurisdiction of appeals from all final decisions of the district courts of the United States * * * except when a direct review may be had in the Supreme Court.

ty of an applicant for assistance under Title VI of the Civil Rights Act (42 U.S.C. 2000d) shall be governed by the regulations in that part or Part 81.

We, of course, are not here concerned with proceedings under the Civil Rights Act, but with proceedings to enforce the Emergency School Assistance Program, P.L. 91–380, and the regulations of the Office of Education, 45 C.F.R. Part 181. Petitioner nevertheless continues on the wrong road to 42 U.S.C.A. § 2000d–2 which, although not applicable here because its provisions are specifically limited to actions taken under the Civil Rights Act of 1964, provides *inter alia* that any persons aggrieved because of the termination of financial assistance, upon a finding of failure to comply with any requirement imposed pursuant to regulations adopted by the federal agency making the grant may, if the action is not otherwise subject to judicial review, obtain such judicial review in accordance with 5 U.S.C.A. § 1009 (now 5 U.S.C.A. §§ 701–706, the Administrative Procedure Act).[3]

The short of it is that there is "no special statutory review proceeding" contained in either the Emergency School Assistance Program, P.L. 91–380, the Office of Education regulations promulgated thereunder, or the Civil Rights Act of 1964 (relied on by petitioner, but clearly inapplicable).

■ "Petitioner is thus driven, by the absence of provisions for special statutory review, to the provisions of Sec. 1009 [5 U.S.C.A. § 703], only to find that these provisions for review by 'any applicable form of legal action' deal not with appellate court review but with review by an original action in a court of competent jurisdiction. The court of appeals is not such a court unless specially authorized by statutory grant of power. We are not in any doubt that this court

has no such jurisdiction and that the petition must be dismissed." City of Dallas, Texas v. Rentzel, 5 Cir. 1949, 172 F.2d 122, 123. *See* Arizona State Department of Public Welfare v. Department of Health, Education and Welfare, 9 Cir. 1971, 449 F.2d 456, 464; Rettinger v. F.T.C., 2 Cir. 1968, 392 F.2d 454, 457; Schwab v. Quesada, 3 Cir. 1960, 284 F. 2d 140, 143; cf. State of Wisconsin v. F.P.C., D.C.Cir. 1961, 110 U.S.App.D.C. 260, 292 F.2d 753, 755.

The Petition for Review is dismissed without prejudice to a request by petitioner for relief in a district court.

Petition dismissed.

---

3. 5 U.S.C.A. § 703 provides in pertinent part:

The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction * * *.