**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 97-1700**

---

PAUL KULP HOFFMAN,

Petitioner,

versus

INTERNAL REVENUE SERVICE, J. R. STARKEY; HARRY
BENDER; BETH WARD; SHIRLEY M. KRIEZEL,

Respondents.

---

On Petition for Review of an Order of the Internal Revenue Service.
(No. 0090-0)

---

Submitted: August 14, 1997          Decided: August 21, 1997

---

Before NIEMEYER, Circuit Judge, and BUTZNER and PHILLIPS, Senior
Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Paul Kulp Hoffman, Petitioner Pro Se. Margaret Milner Richardson,
INTERNAL REVENUE SERVICE, Greensboro, North Carolina; Beth Ward,
Asheville, North Carolina; Shirley M. Kriezel, Asheville, North
Carolina, for Respondents.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Paul Hoffman, who disputes whether federal income tax laws apply to him, insisted on filing a civil complaint in this court against the Internal Revenue Service (IRS) seeking injunctive relief and monetary damages. Hoffman asserts that the IRS is maliciously persecuting him in its attempt to collect taxes. Additionally, Hoffman claims that the IRS failed to comply with the Freedom of Information Act. We dismiss this complaint for a lack of jurisdiction.

We find no merit to Hoffman's contention that this court automatically has jurisdiction to review actions by a federal agency. Unless statute provides otherwise, persons seeking review of agency action must go first to the federal district court rather than the court of appeals.[1] This court may exercise jurisdiction only over final orders,[2] and certain interlocutory and collateral orders.[3] The agency action of which Hoffman complains is neither a final order nor an appealable interlocutory or collateral order.

However, Hoffman is not without a remedy. Nothing prevents him from seeking relief in the district court.[4] Upon Hoffman's com-

---

[1] See 5 U.S.C. § 703 (1994); International Bhd. of Teamsters v. Pena, 17 F.3d 1478 (D.C. Cir. 1994).

[2] See 28 U.S.C. § 1291 (1994).

[3] See 28 U.S.C. § 1292 (1994); FED. R. CIV. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949).

[4] See Rettinger v. FTC, 392 F.2d 454, 457 (2d Cir. 1968); United Gas Pipe Line Co. v. FPC, 181 F.2d 796, 799 (D.C. Cir. 1950).

plaint that the IRS violated his rights in its collection efforts, the district court can develop a record and reach a decision that will give due consideration to Hoffman's claims.

Accordingly, we dismiss the complaint without prejudice to Hoffman's right to seek relief in another forum. Additionally, we deny Hoffman's request for subpoena duces tecum. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED