**REGINA CARGO AIRLINES, Inc. v. CIVIL AERONAUTICS BOARD OF UNITED STATES et al.**

Civil No. 11059.

United States District Court
E. D. New York.

Oct. 19, 1950.

Theodore E. Wolcott, New York City, for plaintiff.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y. (M. Jay Meckler, Asst. U. S. Atty., New York City, of counsel), for defendants.

## MEMORANDUM

BYERS, District Judge.

 There are two motions in this cause, the plaintiff's for an order vacating and setting aside an order made by C.A.B. dated August 24, 1950; and the defendants' to dismiss for lack of jurisdiction. As to the latter, it must prevail, since this Court has not obtained jurisdiction over either defendant according to the requirements of Rule 4, Subdivision (d)(5) of Federal Rules of Civil Procedure, 28 U.S.C.A., touching the method of service of process upon an officer or agency of the United States.

Here there was an attempted service by delivery of process to the Marshal of this District, and by delivery of copies of the summons and complaint at "the offices of the defendants in this district".

There are no such general offices, but there are field offices for investigation and accounting purposes, but no representative of either defendant is authorized to accept service of legal process on behalf of his employer.

It also now appears that a copy of the summons and complaint was sent to the office of the Board in Washington, D. C., by registered mail.

Perhaps as a practical matter, government agencies should be haled into court by the methods here described, but until the Federal Rules of Civil Procedure are amended to that effect, such service of process cannot be deemed legally effective.

■ If the foregoing be deemed too narrow a construction of the Rules, there is a further and conclusive reason to grant the motion to dismiss, i. e., what the complaint seeks is the review of an order of the Commission, and that is governed by the statute Title 49 U.S.C.A. § 646, which provides that judicial review of an order of the Commission is confided to the appropriate Court of Appeals.

This decision accords with the disposition made by Judge Rayfiel of this Court in Alexander v. C.A.B., Civil 8627,[1] order dated November 19, 1947.

Settle order granting motion to dismiss.

---

1. No opinion for publication.