Lewis H. HOLMAN et al., Plaintiffs,

v.

SOUTHERN AIRWAYS, INC., and Airline Pilots Association, Defendants.

Civ. A. No. 8131.

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 9, 1962.

---

Candler, Cox, McClain & Andrews, Atlanta, Ga., Armour, Herrick, Kneipple & Allen, Washington, D. C., for plaintiffs.

Fisher & Phillips, Atlanta, Ga., Walter D. Sanders, Newnan, Ga., for defendants.

MORGAN, District Judge.

The plaintiffs in the above-styled case have brought this action seeking to enjoin the defendants, Southern Airways, Inc., and the Airline Pilots Association, from putting into effect a collective bargaining agreement entered into pursuant to the orders of the Civil Aeronautics Board. The plaintiffs assert in their petition that the orders of the Civil Aeronautics Board were made without their being given their day in court. The plaintiffs also assert, as the basis of their action, that the orders of the Board operated adversely and improperly upon their employment rights, and that the defendant Airline Pilots Association did not represent the plaintiffs,* but, in fact, acted to the detriment of the plaintiffs. The plaintiffs further allege that the orders of the Civil Aeronautics Board, which they are challenging herein, and the agreements made pursuant thereto, are contrary to contractual employment undertakings by defendant Southern Airways, Inc., with the respective individual plaintiffs.

It is the position of the defendant Airline Pilots Association that the Court does not have jurisdiction of the subject matter; that the plaintiffs seek collaterally to attack and vitiate orders of an administrative agency, the Civil Aeronautics Board, and that such collateral attack is improper and contrary to expressed statutory requirements. The defendants further contend that the plaintiffs have, with respect to the same subject matter, and seeking substantially the same relief as is sought herein, heretofore commenced proceedings before an administrative agency of the United States and before another Federal Court of the United States, that is, the Court of Appeals for the District of Columbia. The defendant Airline Pilots Association further alleges that there is no basis for equitable relief in that no irreparable damage has been shown.

On July 12, 1960, after a long period of collective bargaining under the Railway Labor Act between Southern Airways, Inc., and Airline Pilots Association, substantial agreement was reached between the parties on the economic issues involved. However, the company, at that point, injected two demands as conditions of the agreement. The first was the company's requirement that it be given the power to take disciplinary action which would not be subject to the review required under Section 204 of the Railway Labor Act. The company's second demand involved an absolute forfeiture of the pilots' seniority and the imposition of super-seniority.

The Board, proceeding within its powers under the Federal Aviation Act of 1958, ordered hearings to be held. The hearings involved many days and extended over a period of months.

The very issues which perpetrated the labor dispute involved the forfeiture of seniority and the imposition of super-seniority, as well as the company's demand that it have the non-reviewable right of discipline. The company, by publications periodically distributed to its employees, including the plaintiff pilots, gave full publicity to the complaint filed with the Civil Aeronautics Board, the decision of the Board to conduct hearings concerning such complaint, and to the actual conduct of such hearings.

The Civil Aeronautics Board, in Docket No. 11,654, made its findings in Order No. E–18560, on July 5, 1962. The Board determined that the imposition of the

demands made by Southern Airways, Inc., on July 12, 1960, as conditions to the agreement which had been entered into was unlawful and in violation of the carrier's obligation. In this order, the Board laid down certain principles to be observed by both Southern Airways, Inc., and Airline Pilots Association in the settlement of the dispute. The Board stated as follows:

"Southern would be permitted to retain as permanent employees those replacement pilots hired prior to July 12, 1960; strikers replaced on or after July 12, 1960, would be entitled to reinstatement if they desire and so request, and if necessary Southern would be required to furlough or dismiss replacement pilots hired on or after July 12, 1960, to make room for them; and the seniority and other rights and privileges of the strikers should continue unimpaired. Further, strikers not reinstated because they were replaced prior to July 12, 1960, and replacement employees furloughed to make room for reinstated strikers should, if they request, be placed by Southern on a preferential hiring list for the filling of future vacancies in the order of their seniority. Southern would be permitted to discipline its employees as it sees fit, but any such action would be subject to statutory grievance procedures. In providing these guidelines we do not intend to preclude the parties from reaching an agreement which may differ therefrom. On the other hand, any substantial and unjustifiable deviation from these guidelines will, if persisted in, be taken into consideration in determining whether the requirement of good faith bargaining has been met."

On July 31, 1962, Southern Airways, Inc., directed a request for clarification to the Civil Aeronautics Board by letter of such date. The Board, by Order No. E–18737 of August 27, 1962, with great particularity dealt with the matter of the status of the replacement pilots who were hired prior to July 12, 1960, and the seniority of all of the pilots who would remain in the employ of the company. The parties were ordered to observe such clarifying order, the Board retaining jurisdiction over the proceedings for the purpose of assuring compliance with its orders and the statutory obligations of the parties.

Following the further order of the Civil Aeronautics Board, the parties resumed negotiations again and a mediation agreement was finally reached on September 21, 1962. This agreement seems to this Court to fall within the guidelines established by the Civil Aeronautics Board in its orders. The agreement carefully preserves the job rights of those pilots who were hired between June 5th and July 12, 1960, and makes provision for the retention of additional pilots from the group hired after June 5, 1960, in accordance with the pilot needs of the company.

On October 29, 1962, before this action was begun, the plaintiffs filed a petition with the Civil Aeronautics Board seeking leave for intervention, rehearing, and reconsideration in the Board proceeding, that being given Docket No. 11,654. The petition filed with the Board on the above-mentioned date discloses that the claims asserted therein are identical with the claims made in this proceeding. The petition filed with the Board seeks leave to intervene, requests a hearing and reconsideration, and finally requests that the Board suspend its orders of July 5, 1962, and of August 27, 1962, for further reconsideration. That proceeding is now pending.

Also, before this action was commenced, plaintiffs and their organization, the Southern Airways Pilots Association, petitioned the United States Court of Appeals for the District of Columbia for review of the orders of the Civil Aeronautics Board made in Docket No. 11,654, and being the orders previously referred to of July 5, 1962, and August 27, 1962. Examination of that petition discloses that it is based upon the claims made by the Civil Aeronautics

Board and the claim subsequently made to this Court in the present action, differing only in that injunctive relief is sought here and reversal of the Board's orders is sought before the Court of Appeals. The plaintiffs asked the Court of Appeals to modify, annul, or set aside the orders of the Civil Aeronautics Board as they adversely affect job retention and the seniority rights of petitioners. This proceeding is now pending.

It is well settled that the Circuit Courts of Appeals have exclusive jurisdiction to review orders of the Civil Aeronautics Board. Section 1006 of the Federal Aviation Act of 1958, 49 U.S.C.A. § 1486, provides as follows:

"(a) Any order, affirmative or negative, issued by the Board or Administrator under this Act * * * shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order. * * *

"(d) Upon transmittal of the petition to the Board or Administrator, the court shall have exclusive jurisdiction to affirm, modify, or set aside the order complained of, in whole or in part, and if need be, to order further proceedings by the Board or Administrator. Upon good cause shown, interlocutory relief may be granted by stay of the order or by such mandatory or other relief as may be appropriate: Provided, That no interlocutory relief may be granted except upon at least five days' notice to the Board or Administrator."

Following the order of the Civil Aeronautics Board of July 5, 1962, the plaintiffs and other persons involved must have been fully aware that Southern Airways, Inc., and the Airline Pilots Association were meeting to effect an agreement in compliance with such order.

Also, the further application for direction by Southern Airways, Inc., and the Airline Pilots Association to the Civil Aeronautics Board was a matter that was widely publicized and must have been known to the plaintiffs. The agreement of September 21, 1962, and its effects were also widely publicized.

It seems to the Court that it is unlikely that there could have been any misapprehension on the part of the plaintiffs concerning the open obligation of the Airline Pilots Association to rectify what the Civil Aeronautics Board had found to be the unlawful demands of Southern Airways, Inc., concerning seniority forfeiture, super-seniority and non-reviewable discipline. Nevertheless, the plaintiffs did nothing in this period to assert their legal rights now claimed in any of these proceedings, judicial or administrative. Now that the parties have, in conformity with the Board's order, come to an agreement and are in the process of re-training pilots who have been out of service for upwards of two years, the plaintiffs, for the first time, come forward and enlist, at this late date, the aid of the Court to enjoin the action to be taken under the agreement of September 21, 1962.

This Court is convinced that it does not have jurisdiction to grant the plaintiffs the relief they seek, inasmuch as jurisdiction to review orders of the Civil Aeronautics Board is vested exclusively in the Circuit Courts of Appeals. In Black River Valley Broadcasts v. McNinch, 69 App.D.C. 311, 101 F.2d 235, the Court interpreted comparable review provisions in the Federal Communications Act, saying:

"In the Act, Congress has made this court (Court of Appeals) the sole appellate body (with right to petition for certiorari to the Supreme Court) whereby the action of the Commission can be tested and has provided that any party aggrieved may have its rights reviewed here. It is well settled that the exclusive remedy provided by the statute to test the Commission's action

is vested in this court by appeal, from which it follows that other courts do not grant equitable relief in such cases."

See also Regina Cargo Airlines, Inc. v. Civil Aeronautics Board of United States et al., D.C., 10 F.R.D. 628.

It seems to this Court that if the plaintiffs are dissatisfied with the order of the Board, they could, pursuant to the provisions of 49 U.S.C.A. § 1486, of the Civil Aeronautics Act, procure a judicial review of the order, as they have done, by filing an appeal with the Court of Appeals for the District of Columbia. If the Board erred in imposing the conditions that it did with respect to seniority, the remedy lies in an appeal to a United States Court of Appeals. That this is the plaintiffs' proper remedy is indicated by the fact that, as this Court has been advised, plaintiffs have filed with the United States Court of Appeals for the District of Columbia a petition to review the order of the Civil Aeronautics Board, and an examination of the petition filed by the plaintiffs in the said United States Court of Appeals discloses that the subject matter here involved will be before said Federal Tribunal for consideration.

The plaintiffs could have proceeded under 49 U.S.C.A. § 1486(d), to secure interlocutory relief by giving the Civil Aeronautics Board five days' notice. Instead, they chose to seek injunctive relief in this Court, this petition being only one of several avenues of approach which the plaintiffs have utilized to secure their desired ends. The extreme seriousness and importance of these proceedings are well recognized by this Court, and it is extremely sympathetic to the plight of those pilots against whom the order of the Civil Aeronautics Board has been directed. However, in the face of the expressed intention of the Congress to vest exclusive jurisdiction in the various Courts of Appeals to review orders of the Civil Aeronautics Board, this Court feels that any relief, injunctive or otherwise, must be had either from such Courts of Appeals or from the administrative agency in whose jurisdiction the proceedings originated—in this case, the Civil Aeronautics Board.

Accordingly, the petition for a preliminary injunction is hereby denied, the motion to dismiss filed by the defendants is granted, and the temporary restraining order heretofore entered is dissolved.

It is so ordered.