PUGET SOUND TRAFFIC
ASSOCIATION, Petitioner,

v.

CIVIL AERONAUTICS BOARD,
Respondent.

No. 75–1447.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 1, 1976.

Decided June 7, 1976.

Rehearing Denied July 7, 1976.

Michael B. Crutcher, Seattle, Wash., with whom Gerald Grinstein, and Eric Redman, Seattle, Wash., were on the brief for petitioner.

Alan R. Demby, Atty. C. A. B., with whom James C. Schultz, Gen. Counsel, Jerome Nelson, Deputy Gen. Counsel, Glen M. Bendixsen, Associate Gen. Counsel, Litigation and Research, C. A. B. and Robert B. Nicholson, Atty., Dept. of Justice, Washington D. C., were on the brief for respondent. Joel Davidow, Atty., Dept. of Justice, Washington, D. C., also entered an appearance for the U. S.

J. William Doolittle, Jr., Washington, D. C., entered an appearance for intervenor American Airlines, Inc.

Henry L. Hill and Robert L. Stern, Chicago, Ill., entered an appearance for intervenor United Air Lines, Inc.

Before TAMM and LEVENTHAL, Circuit Judges and CHRISTENSEN,* United States District Judge for the District of Utah.

Opinion for the Court filed by Circuit Judge TAMM.

TAMM, Circuit Judge:

Petitioner, Puget Sound Traffic Association ("PSTA") seeks review of two Civil Aeronautics Board ("CAB" or "Board") orders instituting a separate investigation into airline fare structure. The issue on appeal is whether these orders are final, thereby subjecting them to judicial review. We hold that the orders are interlocutory in nature and therefore dismiss the petition for lack of jurisdiction without reaching the other issues raised in Petitioner's brief.

The CAB instituted its massive investigation into various aspects of the nation's airline industry on January 29, 1970 by Order 70–1–147. The last phase of this "Domestic Passenger Fare Investigation" ("DPFI"), Phase 9, dealt with fare structure. PSTA, a "non-profit civic organization representing air passengers, local governments, port districts and Chambers of Commerce in the Puget Sound region affected by actions of the Board," was an intervenor in this proceeding. Petitioner's Brief at 2. As an intervenor, PSTA sought to have the Board declare unlawful the practice of "common faring"[1] the West Coast gateway cities of Seattle, Portland, San Francisco and Los Angeles with the Northeast quadrant of the United States. Puget Sound's position was either (1) that there be uniform standards for common faring (so as to work in both directions, both where Seattle is at a mileage disadvantage as well as where it has an advantage); or (2) that the CAB order a mileage-based formula (i. e. no common faring).

See J.A. 27–28. Because the focus of DPFI–Phase 9 was much broader than the specific area with which PSTA was concerned, the administrative law judge ("ALJ") found that the original parties involved in Phase 9 had not really addressed the question raised by PSTA. He therefore was unable to make a sound determination of appropriate common faring standards. J.A. 51. This lack of a sufficient basis for establishing common faring standards was also noted in the Board's opinion. J.A. 92–93.

PSTA then sought reconsideration. The Board reviewed the matter for the second time. It reaffirmed the conclusion reached by the ALJ and in the Board's first opinion that "special circumstances" are required for common faring but that the reasonableness of the practice should be considered on an ad hoc basis. It declined to consider on the existing record whether there was a justification in "special circumstances" for the existing fares. The Board continued that "it would not be prudent to order an end to such practices in the absence of a fully developed evidentiary record with opportunity for participation by all affected civic parties." Order 74–12–109, supra at 18; J.A. 115. Another order issued simultaneously instituting a common fares investigation and assigning it to an administrative law judge. Order 74–12–111, Docket 27330, December 27, 1974; J.A. 116. PSTA seeks to have this court review Order 74–12–109 and Order 74–12–111.

While this petition for review was pending, however, a hearing was held in the common fares investigation, and the parties are awaiting the initial decision of the administrative law judge.

■ Section 1006(a) of the Federal Aviation Act, 49 U.S.C. § 1486(a) (1963),[2] which

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. According to the Board's definition, "[t]he term common fare refers to the charging of the same dollar amount for transportation from one point to any one of several other specified

points irrespective of differences in distance." J.A. 92.

2. (a) Any order, affirmative or negative, issued by the Board or Administrator under this chapter, except any order in respect of any foreign air carrier subject to the approval of the President as provided in section

gives this court power to review Board orders, has been judicially restricted to review of *final* agency orders. *McManus v. CAB*, 286 F.2d 414, 417 (2d Cir. 1961). A "final" agency decision is one which imposes an obligation, denies a right, or fixes some legal relationship. *Chicago & Southern Air Lines, Inc. v. Waterman Steamship Corp.*, 333 U.S. 103, 112–13, 68 S.Ct. 431, 92 L.Ed. 568 (1948). We find that this standard has not been met here.

The CAB orders which we review do not "impose, deny, or fix" any legal right. They merely authorize an investigation into the narrow area of common faring. That an agency can determine the scope of its own proceedings and arrange its business accordingly is well established. *Overseas National Airways, Inc. v. CAB*, 426 F.2d 725 (2d Cir. 1970); *National Airlines, Inc. v. CAB*, 129 U.S.App.D.C. 180, 392 F.2d 504 (1968); *City of San Antonio v. CAB*, 126 U.S.App.D.C. 112, 374 F.2d 326 (1967); *Eastern Air Lines v. CAB*, 100 U.S.App.D.C. 184, 243 F.2d 607 (1956).

We are not unmindful that the problem of finality is often rooted in considerations of fairness and practicality, *Continental v. CAB*, 522 F.2d 107, 124 (D.C.Cir. 1975); *Sea-Land Service, Inc. v. FMC*, 131 U.S. App.D.C. 80, 402 F.2d 631, 633 (1968); *Isbrandtsen Co. v. United States*, 93 U.S.App. D.C. 293, 211 F.2d 51, 56, *cert. denied sub nom. Federal Maritime Board v. United States*, 347 U.S. 990, 74 S.Ct. 852, 98 L.Ed. 1124 (1954); that there can be negative as well as affirmative orders which may be considered final, 49 U.S.C. § 1486(a) (1963); that aggrieved parties are not without remedy for action unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1) (1967); and that questions ripe for decision should not be disregarded by an agency as if they had not been at issue, *Minneapolis Gas Co. v. FMC*, 111 U.S.App.D.C. 16, 294 F.2d 212, 215 (1961). We also recognize the importance of an early decision concerning the continued propriety of common faring. Yet we cannot say that delay of that decision, in order to permit more specific and meaningful inquiry and response, was arbitrary or capricious under the circumstances or that it was not within the limits of the agency's discretion in the management of its responsibilities. *See Eastern Air Lines, Inc. v. CAB*, 111 U.S.App.D.C. 39, 294 F.2d 235, *cert. denied*, 368 U.S. 927, 82 S.Ct. 363, 7 L.Ed.2d 191 (1961).

It is evident from the record in Phase 9 that the agency is not instituting this new investigation merely as a means of evading meaningful or timely judicial review. The briefs of the 18 interested parties submitted in Phase 9 each contain only a paragraph or two on common faring. J.A. 10–46. Where this particular issue was merged into a general proceeding meant "to eliminate all the anomalies in the present fare structure for which there is no real justification" and this common faring issue was not specifically addressed by all of the parties involved in Phase 9, we cannot say that the agency abused its discretion or denied any right by deciding to institute a separate investigation which would focus exclusively on the common faring issues.

Because the CAB orders are interlocutory in nature, this court has no jurisdiction to review the agency determinations and, hence, the petition must be dismissed. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938); *Frontier Airlines, Inc. v. CAB*, 349 F.2d 587 (10th Cir. 1965).

*So ordered.*

---

1461 of this title, shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order. After the expiration of said sixty days a petition may be filed only by leave of court upon a showing of reasonable grounds for failure to file the petition theretofore.

49 U.S.C. § 1486(a) (1963).