**SIMA PRODUCTS CORPORATION, an Illinois Corporation, et al., Plaintiffs,**

v.

**Dr. John McLUCAS, Administrator, Federal Aviation Administration, Defendants.**

No. 77 C 81.

United States District Court, N. D. Illinois, E. D.

Nov. 9, 1978.

Ray Jeffrey Cohen, Chicago, Ill., for plaintiffs.

Thomas P. Sullivan, U. S. Atty., John L. Gubbins, Blanche M. Manning, Asst. U. S. Attys., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

MAROVITZ, Senior District Judge.

*Motion to Dismiss*

Plaintiffs, Sima Products Corporation ("Sima"); Irwin Diamond; Chicago Area Camera Club Association ("Camera Club") and Betty Obey bring this action against Dr. John McLucas, Administrator of the Federal Aviation Administration ("FAA"), under 28 U.S.C. §§ 2201, 2202 seeking declaratory and injunctive relief. Plaintiffs allege, *inter alia,* that defendant promulgated an amendment to a FAA regulation, 14 C.F.R. § 121. 538a(e) (1978), which unreasonably distinguishes X–ray and scientific film from ordinary photographic film, thereby causing signs to be posted at airport security points which deceptively state that "x–ray machines are film safe." Plaintiff's Complaint, ¶ 16. Plaintiffs seek a declaration that the amendment is void and an order that defendant promulgate another amendment which requires signs that warn of the damage that X–ray may cause to all film.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1346. Pending before the Court is defendant's motion to dismiss for want of subject matter jurisdiction. Rule 12(b)(1), F.R.Civ.P. For the reasons set forth below, defendant's motion is granted.

Plaintiffs allege that defendant has the authority under certain sections of the Federal Aviation Act, 49 U.S.C. §§ 1356, 1357 and 14 C.F.R. §§ 121.1(a), 121. 538 to make and enforce air transportation security rules which apply to air carriers engaged in interstate commerce. On March 5, 1975, defendant promulgated an amendment to rule 121.538 which provides:

a(e) No certificate holder may use an X–ray system to inspect carry-on baggage or items, unless a sign is posted in a conspicuous place which notifies passengers that such items are being inspected by an X–ray system and advises them to remove all X–ray and scientific film from

their carry-on baggage and items before inspection. If the X–ray system exposes any carry-on baggage or item to more than one milliroentgen during the inspection, the certificate holder shall post a sign which advises passengers to remove film of all kinds from their carry-on baggage and items before inspection. If requested by a passenger, his photographic equipment and film packages shall be physically inspected without exposure to an X–ray system. 14 C.F.R. § 121. 538a(e).

As a result of this rule, commercial airlines operating out of Chicago, Illinois, and other commercial airports in the United States have posted signs conforming to the language of the rule. For example, the signs at the American Airlines and Northwest Airlines security points read as follows:

"X–ray baggage inspection

Carry-on baggage is being inspected by x–ray

Inspection will not affect ordinary undeveloped film

Remove all x–ray and scientific film from luggage

Physical inspection may be requested."
Plaintiffs' Complaint, ¶ 9.

Plaintiffs allege that these signs are inaccurate, misleading and "contrary to scientific fact and personal experiences of the plaintiffs and other travelers, in that the X–ray machines, even if they expose ordinary undeveloped film to one-half of one milliroentgen of radiation, can damage the film either through one dose of radiation or the cumulative effect of several inspections. Plaintiffs' Complaint, ¶ 11.

On August 31, 1976, pursuant to 14 C.F.R. § 11.25, plaintiffs filed a petition with defendant requesting that defendant promulgate an amendment to rule 121. 538a(e) in order to delete the language that plaintiffs consider to be misleading. Plaintiffs allege that defendant has not acted on the petition.[1] Plaintiffs bring this action claiming

that rule 121. 538a(e) is unreasonable, contrary to 49 U.S.C. § 1357 and violative of public policy.

Sima manufactures and distributes "Filmshield" and "Filmwrap", laminated lead foil products which protect film and other items from radiation. Sima alleges that the signs imply that its products are unnecessary. Camera Club is an umbrella organization of approximately seventy Chicago area camera clubs which contain over four thousand members. Plaintiff alleges that these members frequently carry photographic film when traveling on commercial airlines. Irwin Diamond, president of Sima, and Betty Obey, president of Camera Club, are frequent travelers on commercial aircraft in the United States. Pursuant to FAA regulations, airlines must require passengers to pass a security check upon entering the airport terminal. See 14 C.F.R. § 121.538. Rule 121. 538a authorizes the use of X–ray systems approved by the defendant.

Defendant contends that the Court of Appeals has exclusive jurisdiction of this matter pursuant to 49 U.S.C. § 1486, the judicial review provision of the Federal Aviation Act, 49 U.S.C. §§ 1301, *et seq.* (The "Act"). 49 U.S.C. § 1486 provides in pertinent part:

(a) Any *order,* affirmative or negative, issued by the Board or Administrator under this chapter . . . shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia . . . . (emphasis supplied)

(d) [T]he court shall have exclusive jurisdiction to affirm, modify, or set aside the order complained of, in whole or in part

. . . .

Plaintiffs argue that rule 121. 538a(e) is not an order within the purview of 49 U.S.C. § 1486. Therefore, plaintiffs argue, that statute is not controlling and a district court can take jurisdiction over the subject matter of this case.

---

1. The record does not indicate whether defendant has ever issued an official response to

plaintiffs' petition as prescribed by 14 C.F.R. § 11.51.

The narrow question before this Court is whether rule 121. 538a(e) is an order within the ambit of 49 U.S.C. § 1486. We note that the term order is not expressly defined by the Act, nor does the Act expressly delineate between orders and rules or regulations. Therefore, we look to judicial interpretation of 49 U.S.C. § 1486 and similar statutory provisions for judicial review of agency orders.

Plaintiffs, relying on *United Gas Pipe Line Co. v. FPC*, 86 U.S.App.D.C. 314, 181 F.2d 796 (1950), argue that a rule is not an "order" unless it was promulgated pursuant to an evidentiary hearing. In *United Gas*, the Court of Appeals for the District of Columbia held that the judicial review statute of the Natural Gas Act, 15 U.S.C. § 717r(b), required a quasi-judicial proceeding, at which an evidentiary record was compiled, for a regulation to be an order within the meaning of the statute. The court reasoned that an appellate court would have "no intelligible basis for decision unless a subordinate tribunal has made a record fully encompassing the issues." *United Gas, supra* 86 U.S.App.D.C. at 317, 181 F.2d at 799. The requirement of a quasi-judicial hearing would necessarily preclude rule 121.538a(e) from review under 49 U.S.C. § 1486.

The approach taken in *United Gas* has been significantly eroded by the same court in a line of more recent cases. See, e. g., *Deutsch Lufthansa Aktiengesellschaft v. CAB*, 156 U.S.App.D.C. 191, 479 F.2d 912 (1973); *Mobil Oil Corporation v. FPC*, 152 U.S.App.D.C. 119, 469 F.2d 130 (1972), cert. denied, 412 U.S. 931, 93 S.Ct. 2749, 37 L.Ed.2d 159 (1973); *City of Chicago v. FPC*, 147 U.S.App.D.C. 312, 458 F.2d 731 (1971), cert. denied, 405 U.S. 1074, 92 S.Ct. 1495, 31 L.Ed.2d 808 (1972). Finally, in *Investment Co. Institute v. Board of Governors of Federal Reserve System*, 179 U.S.App.D.C. 311, 317, 551 F.2d 1270, 1276 (1977), the court expressly rejected their approach taken in *United Gas.*

In *Investment Co.*, the court determined that a rule which had been promulgated by the Federal Reserve Board according to informal rule-making procedures was an "order" within the meaning of the judicial review statute of the Bank Holding Company Act, 12 U.S.C. § 1848. "In our view, the purposes underlying [the review statute] will best be served if 'order' is interpreted to mean any agency action capable of review on the basis of the administrative record." *Investment Co., supra* 179 U.S.App. D.C. at 319, 551 F.2d at 1278. *But see contra PBW Stock Exchange, Inc. v. SEC*, 485 F.2d 718 (3d Cir. 1973), cert. denied, 416 U.S. 969, 94 S.Ct. 1992, 40 L.Ed.2d 558 (1974). The court reiterated its earlier observation in *Deutsch Lufthansa Aktiengesellschaft v. CAB, supra* 156 U.S.App.D.C. at 195, 479 F.2d at 916, that " '[i]t is the availability of a record for review and not the holding of a quasi-judicial hearing which is now the jurisdictional touchstone.' " *Investment Co., supra,* 179 U.S. App.D.C. at 318, 551 F.2d at 1277.

We adopt the interpretation given to "order" in *Investment Co.* Therefore, this Court must consider whether the administrative record in the instant case is adequate for review of rule 121. 538a(e) under 49 U.S.C. § 1486.

Plaintiffs challenge the adequacy of the administrative record on the ground that "no tribunal has ever produced a record encompassing issues raised by plaintiffs." Response to Federal Defendant's Motion to Dismiss, p. 4. We disagree. The record shows that defendant followed the statutory and regulatory rule making procedures set out in 5 U.S.C. § 553 and 14 C.F.R. § 11(B). These procedures do not require an evidentiary hearing. *Id.* An administrative record, Federal Aviation Administration, Reg.Doc.No.13841, was compiled by defendant during the making of rule 121. 538a(e) pursuant to 14 C.F.R. §§ 11.23, 11.29, 11.31. From our review of the administrative record, it appears that plaintiff Sima, by plaintiff Diamond, participated in the informal rulemaking by submitting comments [2] in response to notice of

---

**2.** Letter of August 16, 1974 from Sima to FAA provides in part:

"Since the installation of X–ray devices at airports, our organization has responded to a

the proposed amendment and rule making that was published in the *Federal Register,* 39 Fed.Reg. 22275 (June 21, 1974). Sima's objections to the proposed amendment were incorporated into the administrative record for defendant's consideration in promulgating the amendment. See 14 C.F.R. § 11.-47(a), "All timely comments are considered before final action on the rule-making proposal is taken"; 40 Fed.Reg. 10173 (March 5, 1975), "Due consideration has been given to all comments presented in response to the notice." Furthermore, other parties made similar objections to the proposed amendment, a(e), to rule 121. 538. These comments [3] were apparently considered by defendant and made part of the administrative record.

■■■■ Courts have acknowledged that this type of record is sufficient for determining the validity of an agency's action. *See Rodway v. United States Department of Agriculture,* 168 U.S.App.D.C. 387, 395, 514 F.2d 809, 817 (1975); *National Nutritional Foods Association v. Mathews,* 418 F.Supp. 394, 397 (S.D.N.Y.1976), *rev'd on other grounds,* 557 F.2d 325 (2d Cir. 1977). "The whole record [for the purpose of judicial review] in an informal rule-making case is comprised of comments received, hearings held, if any, and the basis and purpose statement." *Rodway, supra,* 168 U.S.App. D.C. at 395, 514 F.2d at 817. The record compiled during the promulgation of rule 121. 538a(e) appears to satisfy these requirements. It includes the official notice of rule-making published by the FAA in the *Federal Register,* comments received in response to the notice, the promulgated rule and its published explanation. Moreover, plaintiffs' petition of August 31, 1976 to amend rule 121. 538a(e), along with the appended exhibits, can supplement the administrative record for judicial review under 49 U.S.C. § 1486. *See Investment Co., supra* 179 U.S.App.D.C. at 322–323, 551 F.2d at 1281–82. Even were the Court of Appeals to find that the record is inadequate to determine the rule's validity, that court can remand the cause to the defendant for further proceedings. 49 U.S.C. § 1486(d) provides in part, "the court shall have exclusive jurisdiction . . . and if need be, to order further proceedings by . . . [the] Administrator."

For the above stated reasons, we conclude that the administrative record in the instant case is an adequate record for direct review of rule 121. 538a(e) by the Court of Appeals.

■■■■ Yet another requirement for an order to be reviewable under 49 U.S.C.

---

need for the protection of photographic film. We feel that signs at airports should advise air travelers that X–rays present a potential hazard to photographic film and that they may remove same from hand-luggage and carry their film through the magnetometer. In this way, inspection is expedited, film is protected and baggage examination is not compromised.

Signs at airports warning of danger to *all film* is important for the following reasons:

(1) X–ray units emitting dosages below 1 milliroentgen does not take the cumulative effect of X–rays into consideration since travelers may pass many inspection points during the course of an extended trip, subjecting their film to X–ray dosages beyond safe limits.

(2) X–ray units that are 'safe' for film at time of inspection (1 milliroentgen emission) may not necessarily operate at the same efficiency one week later. Over-caution in this instance serves to protect the con-sumer and presents no loss of efficiency to the inspection process.

(3) Airlines who have resisted any mention of the negative aspects of X–ray inspection demonstrate an over-sensitivity to public reaction.
X–ray inspection has been responsible for transporting millions of travelers safely without the hazard of hi-jackings. This is to the credit of the industry, and this exemplary record can be continued with the added dimension of protecting valuable photographic film."

3. *See, e. g.,* Comments submitted by the following:
*Petersen's Photographic Magazine* (enclosed material), Aug. 17, 1974
National Association of Photographic Manufacturers, Inc., Aug. 16, 1974
Aviation Action Consumer Project, Aug. 20, 1974
Guild Photographers (enclosed material), July 8, 1974
Eastman Kodak, Aug. 16, 1974
State Film Productions, Aug. 14, 1974

§ 1486 is that it be a final agency action. *McManus v. CAB,* 286 F.2d 414, 417 (2d Cir.) *cert. denied,* 366 U.S. 928, 81 S.Ct. 1649, 6 L.Ed.2d 388 (1961). A final agency action has been defined as one which "imposes an obligation, denies a right, or fixes some legal relationship." *Puget Sound v. CAB,* 175 U.S.App.D.C. 410, 412, 536 F.2d 437, 439 (1976); *Pan American Grace Airways, Inc. v. CAB,* 119 U.S.App.D.C. 326, 342 F.2d 905 *cert. denied,* 380 U.S. 934, 85 S.Ct. 941, 13 L.Ed.2d 821 (1964). Rule 121. 538a(e) meets these finality criteria. The language of the rule imposes obligations on both certified air carriers and their passengers. See 14 C.F.R. § 121. 538a(e).

■ Because rule 121. 538a(e) is a final order within the meaning of 49 U.S.C. § 1486, the Court of Appeals has exclusive jurisdiction to review it. 49 U.S.C. § 1486(d), *supra. Oling v. Air Line Pilots Association,* 346 F.2d 270 (7th Cir.), *cert. denied,* 382 U.S. 926, 86 S.Ct. 313, 15 L.Ed.2d 339 (1965); *Holman v. Southern Airways, Inc.,* 210 F.Supp. 407 (N.D.Ga. 1962). *See also Investment Co., supra* 179 U.S.App.D.C. at 319–321, 551 F.2d at 1278–80.

■ We now consider plaintiffs' rather vague challenge to the sufficiency of the FAA's notice procedures under 5 U.S.C. § 553(b) and 14 C.F.R. § 11.29. It is well established that an agency's notice to the public of proposed rule-making is sufficient under 5 U.S.C. § 553(b) where the substance of the proposed rule is announced, *National Industrial Traffic League v. United States,* 396 F.Supp. 456, 460 (D.C.D.C.1975) and where interested parties are given a reasonable opportunity to participate, *Forester v. Consumer Products Safety Commission,* 182 U.S.App.D.C. 153, 166, 559 F.2d 774, 787 (1977). Furthermore, as the court in *Forester v. Consumer Products Safety Commission, supra,* concluded, 5 U.S.C. § 553(b) "provides at least as much protection as does the Fifth Amendment." *Id.* 182 U.S. App.D.C. at 166, 559 F.2d at 787. Defendant's notice of rule-making that was published in the *Federal Register* meets the reasonableness standard of *Mullane v. Cen-* *tral Hanover Bank,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In a situation such as this, where all parties interested in the promulgation of a rule may not be known to defendant, it is simply not reasonable or practical to require defendant to give more adequate notice.

The aforementioned requirements are satisfied by the notice issued in the instant case. Defendant published notice of proposed rule-making in the *Federal Register.* 39 Fed.Reg. 22275 (June 21, 1974). Proposed amendment a(e) to rule 121. 538 was set out and interested parties were invited to participate "in the making of the proposed rule by submitting . . . written data, views, or arguments" concerning the proposal. *Id.* Furthermore, comments were solicited on the issue of "[w]hether exposure to X–rays may harm photographic film . . . or other items which may be contained in carry-on baggage . . . and if so, what measures should be taken to eliminate or reduce such possible harm other than or in addition to those set out in this proposal." *Id.* at 22276. In any event, it appears that plaintiffs Sima and Diamond had some notice of the rule-making proceedings by the incorporation of Sima's letter of August 16, 1974, into the administrative record. *Supra.*

■ Plaintiffs' unsupported constitutional challenge to the rule-making procedures prescribed by 5 U.S.C. § 553(c) and 14 C.F.R. §§ 11.27(a), 11.31, 11.33, 11.37 is also without merit. Plaintiffs contend that the procedures which preclude the necessity of an evidentiary hearing "deny the most basic tenets of due process." Response To Federal Defendant's Motion to Dismiss, p. 6. We disagree. The constitutional sufficiency of informal administrative procedures has long been recognized. *See Bowles v. Willingham,* 321 U.S. 503, 519–20, 64 S.Ct. 641, 88 L.Ed. 892 (1944); *Bi-Metallic Investment Co. v. State Board of Equalization of Colorado,* 239 U.S. 441, 445, 36 S.Ct. 141, 60 L.Ed. 372 (1915); *California Citizens Band Association v. United States,* 375 F.2d 43, 50 (9th Cir.), *cert. denied,* 389 U.S. 844, 83 S.Ct. 96, 19 L.Ed.2d 112 (1967). Mr. Justice

**134**

Holmes, speaking for the Court in *Bi-Metallic Investment Co. v. State Board of Equalization of Colorado, supra,* reasoned:

> "Where a rule of conduct applies to more than a few people, it is impracticable that everyone should have a direct voice in its adoption. The Constitution does not require all public acts to be done in town meeting or an assembly of the whole." 239 U.S. 441 at 445, 36 S.Ct. 141, at 142, 60 L.Ed. 372.

■ Although we hold that *this* Court does not have subject matter jurisdiction over plaintiffs' action, plaintiffs are not necessarily without a forum. We realize that 49 U.S.C. § 1486(a) requires that a petition for review in the Court of Appeals should be filed within sixty days after entry of the order by the Administrator. We also realize that plaintiffs' opportunity to file a petition by right no longer exists. However, 49 U.S.C. § 1486(a) provides that the Court of Appeals may grant leave to file an untimely petition, provided that plaintiffs can show reasonable grounds for the delay. That burden now rests on plaintiffs should they decide to seek review of the rule pursuant to 49 U.S.C. § 1486.

For the reasons set forth above, we hold that rule 121. 538a(e) is a *final order* within the ambit of 49 U.S.C. § 1486 in that the administrative record is sufficient for review of rule 121. 538a(e) by the Court of Appeals. Therefore, this Court lacks subject matter jurisdiction of plaintiffs' cause. Accordingly, defendant's motion to dismiss for want of subject matter jurisdiction is granted.