Charles M. LOOMIS, Plaintiff-Appellant,

v.

John L. McLUCAS, Administrator, Federal Aviation Administration, and National Transportation Safety Board, Defendants-Appellees.

No. 78–1797.

United States Court of Appeals,
Tenth Circuit.

Argued April 18, 1979.

Decided May 14, 1979.

Rehearing Denied June 15, 1979.

---

Gerald Sawatzky of Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., for plaintiff-appellant.

Marleigh Dover Lang, Atty., Washington, D. C. (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., James P. Buchele, U. S. Atty., Topeka, Kan., William Kanter, Atty., Appellate Staff Civil Div., Dept. of Justice, Washington, D. C., on the brief), for defendants-appellees.

Before SETH, Chief Judge, and HOLLOWAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

This appeal arises from dismissal of a suit brought in the district court for declaratory and injunctive relief against the Administrator of the Federal Aviation Administration (FAA). Appellant Charles M. Loomis seeks to enjoin revocation of his medical certificate, and to require the FAA withdraw cancellation of his pilot's license. The court dismissed the case on jurisdictional grounds, saying Loomis was only entitled to a direct appeal to the circuit court from the FAA actions. The issue is whether the trial court's dismissal on jurisdictional grounds is correct.

Loomis, a private aircraft pilot of considerable experience, was 70 years old when this appeal was taken. In 1971 he underwent surgery and received an artificial aortic heart valve implant. His medical certificate lapsed following that operation, and he was not permitted to fly. In 1974 he presented medical testimony in support of his application for a new medical certificate, but in 1975 the application was denied because the FAA found he could not then "or within two years . . . perform the duties . . . of airman certification." On appeal, we affirmed the denial of his license. *Loomis v. McLucas,* 553 F.2d 634 (10th Cir. 1977).

During pendency of that appeal, in 1976, Loomis again sought a medical certificate, based on additional medical evidence. The Federal Air Surgeon denied the application, and Loomis appealed to the National Transportation Safety Board (NTSB). While that appeal was pending, Loomis applied a third time for a medical certificate. An FAA medical examiner granted a second-class certificate, but his action was overruled by the Federal Air Surgeon on June 15, 1977. The appeal from Loomis' second application (made in 1976) was dismissed by the NTSB on December 29, 1977. The NTSB determined that its 1975 decision denying Loomis' medical certificate merged into our order in *Loomis v. McLucas,* thus extending the two-year res judicata effect of the 1975 NTSB decision until April, 1979.

After the time expired to appeal from the NTSB decision as to the res judicata effect of our 1977 decision, and instead of appealing that determination to this Court, Loomis commenced the instant action in federal district court pursuant to 28 U.S.C. § 1361. He alleged his remedies at law were inadequate and that the district court had jurisdiction to force the FAA to reissue his license. It is from the trial court's dismissal of that independent § 1361 mandamus action for lack of jurisdiction that the present appeal was taken.

Loomis argues as the basis for his § 1361 action that the decision of the NTSB on the res judicata effect of our 1977 decision was

clearly erroneous. However, considering the state of our docket, if an appeal had been taken to this Court significant time would elapse before we could reverse that decision. In addition, a reversal would simply return Loomis' case to the FAA, and the concomitant bureaucratic delays would further postpone a final decision.

Also allegedly relevant is that the NTSB was apparently applying a rule that no one who had undergone a heart valve operation would be granted a medical certificate and pilot's license, although 14 C.F.R. § 67.-17(f)(2) (1978) requires a decision to be made on an individual basis. In other words, as was conceded by the FAA in oral argument before us, heart valve operations are not on the list of automatically disqualifying provisions and an individual determination is required in each case. Loomis asserts that since the FAA presented no evidence of its own and ignored his evidence supporting the application, it was obviously applying a de facto disqualification rule against him, which this Court would have to overturn on appeal. Thus it is contended that first having to appeal to this Court on the erroneous res judicata ruling, and then being required to appeal again to obtain reversal of the de facto disqualification rule, particularly considering Loomis' age and our congested docket, together created a unique situation making Loomis' remedies at law inadequate. Therefore he argues he is entitled to bring an action for injunctive relief and obtain the equivalent of mandamus to require the FAA Administrator to perform his duties under the law.

We do not agree. The statutes prescribe a specific method of appeal, and appeals from adverse FAA determinations come directly to the Court of Appeals. 49 U.S.C. § 1486. It is unfortunate that masses of cases and inadequate judicial personnel create long delays. But we know of no case saying that a district court can give declaratory and injunctive relief simply because normal processes of appeal might be time-consuming. Mandamus is not a substitute for an appeal; it is reserved for extraordinary cases. *Ex parte Fahey,* 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947). Cynics would note that going to the district court may accomplish little, as that determination can also be appealed, as evidenced by the instant case, and hence subject the litigant to the same delay sought to be bypassed by the mandamus action. Of course, had the district court entertained the suit and agreed with Loomis it might have reinstated his license pending the outcome of an appeal, as he requested.

This is not a situation like that in *Holmes v. United States Bd. of Parole,* 541 F.2d 1243 (7th Cir. 1976)[1], where it would be futile to force a party to pursue unexhausted administrative and judicial remedies. Nor is this a case such as *Martinez v. Richardson,* 472 F.2d 1121 (10th Cir. 1972), where important constitutional rights are at issue, and irreparable harm will result if mandamus is disallowed. Loomis had a final administrative decision on the res judicata point appealable to this Court; he had a decision of the Federal Air Surgeon on the de facto disqualification point. Thus he had final administrative action, or was near to that point, on both of his contentions. Essentially his only impediment to relief was the delay inherent in our congested docket, and we will not presume his case would not have been accepted for accelerated review. *Chaudoin v. Atkinson,* 494 F.2d 1323 (3d Cir. 1974), is the strongest case cited by Loomis in support of his position. In *Chaudoin* a National Guard officer had disregarded military penalty regulations and his hearing committee's recommendations in discharging a civilian employee. That court recognized the limited scope of mandamus, generally only to compel compliance with the law where no judgment or discretion is involved. Our court has interpreted § 1361 to permit forcing an officer to perform ministerial duties but not to direct how discretionary acts are to be performed, and not as a proper means of obtaining injunctive or declaratory relief.

1. *Holmes* was overruled as to a procedural due process issue not relevant to our consideration in the case at bar. *Solomon v. Benson,* 563 F.2d 339 (7th Cir. 1977).

*McQueary v. Laird,* 449 F.2d 608, 611 (10th Cir. 1971).

We therefore hold that the trial court was correct in dismissing for lack of jurisdiction. We would add that in this situation, if a party is convinced that because of a combination of erroneous determinations as alleged here, particularly when the person's age or other personal circumstances increases the immediacy of need for relief, the proper procedure is to take the prescribed appeals and request accelerated review, setting forth the basis of the request. This Court would give consideration to such an application if convinced that the reasons given are valid.

The decision is affirmed.