Larry A. MORRIS, Appellant,

v.

J. Lynn HELMS, Administrator Federal Aviation Administration; Drew Lewis, Secretary, United States Department of Transportation; and the United States of America, Appellee.

No. 81–5804.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 1982.

Decided July 21, 1982.

---

Ronald Siegel, Little, Fisher, Brady, Bromley & Seigel, P. C., Tucson, Ariz., for appellant.

Virginia Mathis, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before ANDERSON and FERGUSON, Circuit Judges, and CROCKER *, District Judge.

CROCKER, District Judge:

The District Court dismissed plaintiff-appellant's complaint on the basis that it lacked jurisdiction to hear the case, since the Court of Appeals has original jurisdiction pursuant to 49 U.S.C. § 1486(a).

Upon consideration of the record, briefs and oral argument, we reverse the District Court's holding that the Court of Appeals has original jurisdiction.

■ 49 U.S.C. § 1486(a) provides that an *"order* issued . . . *under this chapter* shall be subject to review by the Courts of Appeal of the United States. . .". (Emphasis added) 49 U.S.C. § 1486 is part of Chapter 20–the Federal Aviation Act. Thus, the Court of Appeals only has jurisdiction if the Federal Air Surgeon's decision that plaintiff-appellant is able to return to work as an air traffic controller, is an order under Chapter 20.

■ § 1485(f) of Chapter 20 states that "every order . . . shall set forth the findings of fact upon which it is based". In the instant case, the Federal Air Surgeon did not set forth any findings of fact upon which his decision was based, which indicates that the decision was not an "order" as contemplated under 49 U.S.C. § 1486(a).

■ In addition, courts have adopted the view that it is an indication that something is an "order" under Chapter 20 when an

* Honorable M. D. Crocker, Senior U. S. District Judge, Eastern District of California, sitting by designation.

administrative record has been developed as a result of agency proceedings at which the aggrieved party had a chance to present his claims. See, *Sima Products Corp. v. McLucas*, 612 F.2d 309 (7th Cir. 1980); *City of Rochester v. Bond*, 603 F.2d 927 (D.C.Cir. 1979). In the instant case, there is no administrative record, and there was no administrative proceeding where plaintiff-appellant had a chance to present his claims.

■ Moreover, even if the Federal Air Surgeon's decision could be construed to be an "order", it is not an order "under Chapter 20". There is nothing in Chapter 20 dealing with retirement and disability. Rather, the FAA follows the retirement system established for government employees under 5 U.S.C. § 8301 et seq. and 5 C.F.R. §§ 831.1201–831.1206. 5 U.S.C. §§ 8337(a) and 8337(b) deal with disability of federal employees, and 5 U.S.C. §§ 8331–8335 deal with the involuntary separation of air traffic controllers for public safety reasons. It is evident that the procedures followed by the FAA in the instant case, such as the agency informing plaintiff that they would initiate an application for his retirement if he did not, and that a panel decided there should be a fitness exam, were in conformance with the procedures required in Title 5 and C.F.R.

Even more persuasive that the decision by the Federal Air Surgeon was not an order "under Chapter 20" is the Western Regional Flight Surgeon's express reference to P.L. 92–297, which is codified in various sections of 5 U.S.C., in his August 7, 1980 letter advising the FAA Personnel Department that the plaintiff was a potential hazard to the public safety.

The cases cited by the District Court in support of its holding are inapposite to the instant case. In *Loomis v. McLucas*, 598 F.2d 1200 (10th Cir. 1979), the rule being challenged was promulgated by the FAA under 49 U.S.C. § 1422 entitled "Airmans Certificates". § 1422 is in Chapter 20 of Title 49, and was therefore an order "under this Chapter", i.e., under Chapter 20. Thus, the District Court was correct in holding that the case fell within the dictates of

§ 1486, which prescribes that appeals from adverse FAA determinations must go directly to the Court of Appeals.

The District Court also cited *Schwab v. Quesada*, 284 F.2d 140 (3d Cir. 1960), which involved a decision by the Administrator of the FAA regarding federal aid funds under the Federal Airport Act. The Court of Appeals simply held that 49 U.S.C. § 1486, which grants appellate court review of orders issued under Chapter 20, i.e., the Federal Aviation Act, does not grant such review to cases involving actions taken under the Federal Airport Act.

For the foregoing reasons, we are convinced that the decision by the Federal Air Surgeon was not an order issued under Chapter 20–the Federal Aviation Act, and was therefore not subject to exclusive review in the Court of Appeals.

Judgment reversed and remanded for further appropriate proceedings.