**Gordon L.M. GIBSON, M.D.**

v.

**FEDERAL AVIATION ADMINISTRATION.**

**Civ. A. No. S–89–44–CA.**

United States District Court, E.D. Texas, Sherman Division.

June 14, 1989.

Jimmy L. Verner, Jr., Seeligson, Douglass, Falconer, Eykel, Steinberg & Solomon, Dallas, Tex., for plaintiff.

Dane Smith, Asst. U.S. Atty., Tyler, Tex., for defendant.

## ORDER

PAUL N. BROWN, District Judge.

On consideration of the plaintiff's Motion for Preliminary Injunction, the Court is of the opinion that it does not have subject matter jurisdiction over the claims raised by the plaintiff, and this case should be dismissed.

In September 1988, the Federal Aviation Administration ("FAA") notified the plaintiff that his designation as an aviation medical examiner ("AME") for the FAA would be terminated effective December 5, 1988. On January 17, 1989, the plaintiff filed a petition for review of the FAA's decision in the United States Court of Appeals for the District of Columbia Circuit. Less than a month later, the plaintiff commenced this action, seeking an order from this Court directing the FAA to reinstate him as an AME.

Under federal law, the courts of appeals have exclusive jurisdiction to review "orders" of the FAA. 49 U.S.C.App. § 1486(a); *Suburban O'Hare Commission v. Dole,* 787 F.2d 186, 192 (7th Cir.1986), *cert. denied,* 479 U.S. 847, 107 S.Ct. 169, 93 L.Ed.2d 106 (1986). An order under § 1486 must be "final"; that is, it must impose an obligation, deny a right, or fix some legal relationship. *State of New York v. FAA,* 712 F.2d 806, 808 (2nd Cir.1983); *Puget Sound Traffic Association v. Civil Aeronautics Board,* 536 F.2d 437, 439 (D.C.Cir. 1976). Furthermore, an order must contain the "findings of fact upon which it is based". 49 U.S.C.App. § 1485(f). An absence of findings of fact is an indication that the FAA's action does not constitute an "order" for purposes of § 1486. *Morris v. Helms,* 681 F.2d 1162, 1163 (9th Cir. 1982). In this case, the Court finds that the FAA's action meets all the definitional requirements of an order for purposes of § 1486.

The FAA's decision to terminate the plaintiff's AME designation is a final order; it deprives the plaintiff of his previously held right to administer aviation medical exams to FAA-licensed pilots. Indeed, the plaintiff implicitly recognized the finality of the order by filing the petition for review in the court of appeals pursuant to § 1486. Additionally, in two letters dated September 14 and November 18, 1988, the FAA also set forth the facts and circumstances upon which it based the decision to terminate the plaintiff's AME designation. Section 1485(f) does not mandate that the FAA's findings of fact must take any particular form, and the Court finds that the two letters contain findings of fact for purposes of § 1485(f). *See Holmes v. Helms,* 705 F.2d 343, 346 (9th Cir.1983) (use of standardized forms that incorporate by reference other reports, satisfies the "findings of fact" requirement of § 1485(f)). Since the FAA's decision to terminate the plaintiff's AME designation constitutes a final order, the plaintiff's sole avenue for review is in the court of appeals pursuant to 49 U.S.C.App. § 1486. This is true notwithstanding the constitutional and statutory claims that the plaintiff has attempted to bring before this Court.

The plaintiff argues that in terminating his designation, the FAA violated the Administrative Procedures Act, 5 U.S.C. § 558(c), the provisions of FAA Order 8520.2C § 13(b)(4)(b)(1), and the due process clause of the Fifth Amendment to the United States Constitution. Although these claims may indeed be meritorious, they do not permit the plaintiff to circumvent the exclusive review procedures of § 1486. The plaintiff's statutory and constitutional claims can be adequately addressed in the court of appeals. Furthermore, injunctive relief is also available to the plaintiff in the court of appeals. 49 U.S.C.App. § 1486(d). To permit the plaintiff to prosecute his statutory and constitutional claims in this Court would needlessly and impermissably bifurcate the review process. Therefore, it is

ORDERED that the Motion for Preliminary Injunction filed by the plaintiff is DENIED. It is further

ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.